14952

STATE v. ROBERTSON

(5 S. E. (2d), 285)

April, 1939.

*Messrs. Padgett & Moorer,* for appellant,

510

Mr. Randolph Murdaugh, Solicitor, for the State, 

October 31, 1939.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

The defendant, Kirk Robertson, was indicted by the Grand Jury of Colleton County under two counts, the first count charging him with pointing a pistol at one W. W. Carter, Jr., a police officer of the town of Walterboro, and the second count charging the defendant with making an assault upon the said W. W. Carter, Jr., and obstructing, hindering and opposing the said W. W. Carter, Jr., in performing his lawful duty as such police officer. The case was tried on the 5th of April, 1939, the defendant not being represented by counsel, and resulted in the following verdict: "Guilty of resisting officer of the law, Not guilty of other counts. P. M. Johns, Foreman."

Upon this verdict the defendant was sentenced to serve a term of one year at hard labor upon the public works of Colleton County or a like term in the State penitentiary and from such judgment and sentence the defendant made timely appeal. As the case will have to be retried, a discussion of facts would not be proper by the Court at this time.

The alleged resistance of arrest arose out of the attempt of the police officer, W. W. Carter, Jr., to arrest the defendant for an alleged violation of the laws of the Town of Walterboro and it was essential that the jury be instructed as to the right of a person to resist an unlawful arrest as it was the province of the jury to determine whether the officer was warranted under the circumstances in attempting to make the arrest. In the trial of a criminal case it is the duty of the trial Judge to charge

upon all material issues raised by the indictment and the evidence and failure to charge on such issues raised constitutes error.

The law as to the right of a person to resist an unlawful arrest is well stated in *State v. Bethune,* 112 S. C., 100, 99 S. E., 753, where the Court lays down the rule, citing numerous authorities, that a person has a right to resist an unlawful arrest, even to the extent of taking the life of the aggressor, if it be necessary, in order to regain his liberty. The defendant was entitled to such charge as the issue of the lawfulness of the arrest was raised by the evidence under the indictment upon which he was then being tried. Had the defendant been represented by counsel no doubt this unintentional omission by the Circuit Judge would have been called to his attention and promptly correctly charged, but this was not done and the defendant was left without the benefit of a charge upon a most material issue in his case.

The judgment of this Court is that the judgment of the lower Court be reversed and that the case be remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.