## 15897

### STATE v. FAIR
(40 S. E. (2d), 634)

*Mr. C. Yates Brown,* of Spartanburg, for Appellant,

No written brief filed on behalf of Respondent.

December 6, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the unamious opinion of the Court.

Upon an indictment charging the offense of murder, appellant was tried and found guilty of voluntary manslaughter. The trial Judge imposed a sentence of five years.

During the early part of the afternoon of March 10, 1946, a collision occurred in Spartanburg County between a truck and an automobile driven by one Bill Dover which resulted in the death of all parties in both vehicles. The indictment charged that Bill Dover and appellant entered into a conspiracy or unlawful agreement to drive or race their respective automobiles at an unlawful rate of speed along one of the highways in Spartanburg County and while so engaged in said unlawful enterprise and as a proximate result of driving at an excessive and reckless rate of speed, the automobile driven by Bill Dover collided with the truck mentioned. In other words, a conviction of appellant was sought on the theory that he and Dover were engaged in an unlawful enterprise and that the reckless operation of the automobile by Dover was, in legal contemplation, the act of both.

Appellant is a Negro, twenty-three years of age. Shortly after noon on the Sunday of the tragic accident, Bill Dover, another Negro, came to his home. There was testimony by the State to the effect that a discussion arose between them as to how fast their automobiles would run, each contending that his car could outrun the other, and they finally decided to have a race. Two other boys standing nearby ac-

cepted an invitation to go with them and got in appellant's car. There was a small Negro boy, about nine years old, in Dover's car. The weather was clear and the road dry. Appellant entered the highway, followed by Dover and, according to the testimony offered by the State, they soon attained a speed of 65 to 75 miles per hour. After traveling some distance, not disclosed with exactness by the record, they approached a curve in the road. At this point, while appellant was still in front and both cars were traveling at the excessive rate of speed mentioned, they overtook another automobile. Immediately after passing this vehicle, the two cars ran side by side for a short distance, appellant then reduced his speed and Dover passed him just before the curve was reached. As Dover entered the curve, he lost control of his car and when at the far end of or just beyond the curve, collided on the left side of the road with a truck occupied by a man, his wife and three children, which was being driven at a moderate rate of speed on its proper side of the road. Dover's car turned over once or twice and finally landed on top of the truck. As heretofore stated, all of the occupants of the two vehicles were killed. After seeing the accident, appellant slowed up and brought his car to a stop at the place of the collision or just beyond. He and the other occupants of his car rendered such assistance as they could.

The material witnesses for the State consisted of the two boys riding with appellant and two men who were riding in the vehicle which was passed just before the collision. Appellant was the only witness offered by the defense. While admitting that he and Dover left his home in their respective cars about the same time and that he was followed and passed by Dover, appellant denied that there was any agreement to race or that he was racing with Dover at the time. Appellant stated that he was unable to estimate his speed because his speedometer was not working.

There are five exceptions. Two of these were abandoned during oral argument. The only questions we are called

upon to determine are (1) whether the Court below erred in refusing appellant's motion for a directed verdict on the ground that if there was an unlawful agreement to drive these vehicles at an excessive rate of speed, the undisputed testimony showed that appellant withdrew from the race prior to the time of the collision, and (2) whether the Court erred in failing to charge the law of conspiracy or joint enterprise and in failing to charge the law applicable to withdrawal from, or abandonment of, such unlawful enterprise.

If appellant and Dover were driving at an unlawful rate of speed along the highway in pursuance of an agreement to race and determine which car could make the greater speed, it is clear that the act of each in violating the law regulating the speed of motor vehicles, while still engaged in such unlawful enterprise, is, in legal contemplation, the act of both. The jury could have reasonably inferred that the agreement to race and drive these vehicles at their maximum speed contemplated violating the statute regulating the speed of motor vehicles, which would justify a finding of a concurrence of mind on the part of Dover and appellant to make an unlawful use of the highway.

The foregoing conclusion is supported in principle by the case of *State v. Davis,* 88 S. C., 229, 70 S. E., 811, 34 L. R. A. (N. S.), 295. There a chauffeur for a Charleston physician, in violation of instructions, drove his employer's automobile at night to a restaurant where he met two of his friends. After remaining at the restaurant for about an hour, the three men agreed to take the automobile without the owner's consent for a ride on the public highway (at that time there was no statute making it a criminal offense to use the automobile of another without his consent). While the automobile was being recklessly operated, a collision occurred with a wagon which resulted in considerable damage to the car and the wagon being demolished. The three occupants of the automobile were tried and found guilty of (1) criminal conspiracy to use the automobile of another without his consent, (2) malicious mischief, and

(3) reckless driving of the automobile upon the highway. It was held that the evidence was sufficient to sustain the verdict. In rejecting the contention that only the person actually driving the automobile could be convicted of reckless driving, the Court said: "The testimony shows that the three defendants agreed to take the automobile out on the highway for a ride and at that time Louis Davis was driving. Whether Davis or Smith was driving at the moment of the collision was not vital. Davis may have been instructing or aiding Smith, a novice, to run the machine, or Davis alone may have been engaged in manipulating it, but if the three defendants agreed to so use the machine in their joint enterprise, it was of no consequence which particular one was at the steering wheel".

A statement of the same general principles will be found in *State v. Newman et al.,* . . . S. C., . . . ., 80 S. E., 482; *State v. Williams*, 189 S. C., 19, 199 S. E., 906; and numerous other decisions by this Court. Indeed, appellant's counsel apparently concedes the soundness of the legal principles heretofore stated. His contention is that if the jury concluded that appellant agreed to engage in the unlawful enterprise charged in the indictment the undisputed testimony showed that he abandoned the race and withdrew from such enterprise before the accident occurred. But we think there was sufficient testimony to warrant the submission of this issue to the jury and the motion for a directed verdict on this ground was properly refused.

The exceptions imputing error on the part of the trial Judge in failing to charge the law relating to a conspiracy or an agreement to engage in an unlawful enterprise and the applicable law governing the withdrawal from, or abandonment of, such unlawful enterprise should be sustained. At the conclusion of the charge, appellant's counsel requested the Court, in effect, to charge the jury that the only theory upon which appellant could be convicted was that he agreed to engage in an unlawful enterprise and in furtherance of said common purpose was so

engaged and participating therein at the time of the fatal accident. The Court refused to do so, stating: "I have charged the jury that a defendant is responsible only for his *own* acts". (Emphasis ours.) There were no instructions to the jury responsive to the theory upon which appellant was charged in the indictment and upon which the State sought to convict. The Court also failed to charge the law applicable to withdrawal from an unlawful enterprise. It is suggested that if the trial Judge submitted the case to the jury on an erroneous theory, the charge as given was to the advantage of appellant and, therefore, no prejudice resulted. But, as stated in *State v. Robertson,* 191 S. C., 509, 5 S. E. (2d), 285, "In the trial of a criminal case it is the duty of the trial Judge to charge upon all material issues raised by the indictment and the evidence and the failure to charge on such issues raised constitutes error". In *State v. Rivers,* 186 S. C., 221, 196 S. E., 6, the Court said: "In charging a jury, the circuit judge should be cautious to charge only the law which is applicable to the case as made by the facts, for under some circumstances a mass of inapplicable law burdened upon the juror's mind may lead to great confusion". Also in *State v. DuRant,* 87 S. C., 532, 70 S. E., 306: "The purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case; it is defeated by a discourse filled with abstract legal propositions having the effect of confusing the minds of the jury".

The jury in this case was instructed as to the law relating to the offenses of murder, voluntary manslaughter and involuntary manslaughter. No question is raised by appellant as to the propriety of submitting to the jury the question of voluntary manslaughter and we intimate no opinion thereabout.

Judgment reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.