21999

The STATE, Respondent, v. Wayne BAILEY and Bobby Joe Lawhorn, Appellants.

(308 S. E. (2d) 795)

*O. W. Bannister, Jr.*, of *Hill, Wyatt & Bannister*, Greenville, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Carlisle Roberts, Jr.*, Columbia, and *Sol. William B. Traxler, Jr.*, Greenville, *for respondent.*

November 3, 1983.

LEWIS, Chief Justice:

Appellants Wayne Bailey and Bobby Joe Lawhorn were jointly tried and convicted of robbery, impersonating an officer, and aggravated assault and battery. Appellant Bailey was additionally convicted for failure to stop in response to the signal from a law enforcement vehicle. Both defendants have appealed charging error in the admission into evidence at trial of certain testimony by a reply witness for the State.

This case arose out of the alleged robbery of one Billy Collins by the appellants. Collins testified that while he was stopped on a highway in a rural section of Pickens County because of car trouble, appellants stopped and at first attempted to help him. Later, according to Collins, appellants claimed to be undercover agents and seized his pistol that he had on his person. They then beat and robbed him, put him out in the early morning hours, and drove away in his vehicle.

When appellants were apprehended by an officer, they were operating the Collins vehicle. Appellant Bailey, in explanation of their possession of the motor vehicle, testified that Collins and appellant Lawhorn had negotiated a sale of drugs, with the vehicle and the pistol being kept by Lawhorn as security for the delivery of a certain amount of marijuana.

The State claimed that appellant Bailey's father and brother (Rex) attempted to procure perjured testimony relating to ownership of the Collins vehicle, so as to explain its possession by appellants. Appellant Bailey testified and was asked on cross-examination several questions by the Solicitor concerning efforts of his father and brother to procure perjured testimony. Bailey denied any knowledge of any such plot. Rex Bailey, brother of appellant Bailey, also testified, but he was asked only one indirect question as to whether he knew of any talk about the victim Collins giving his pick-up truck (the vehicle here involved) to anyone.

After the close of the testimony for the defense, the State presented the testimony of one Earl Smith as a "reply" witness. This witness testified that on the previous Saturday appellant Bailey's father and brother came to his (Smith's) house. Over appellant's objections, that the testimony would be hearsay and collateral, the witness was allowed to testify that the father and brother of appellant Bailey told him that the victim Collins had sold the vehicle in question to appellant Bailey; and that they wanted to talk with one Langford, Smith's stepfather, about the alleged sale because the appellant Bailey would go to jail if they did not get the matter "straightened out." They were allegedly seeking to procure testimony that such sale had taken place. This appeal is from the admission of this evidence from the witness Smith.

The reply testimony concerned a conversation between appellants' witness Rex Bailey and the State's reply witness Smith which occurred after the crime. The evidence was an apparent attempt to discredit the witness Bailey by showing that he attempted to persuade witness Smith to offer perjured testimony.

There is nothing in the record to suggest that appellants knew of any attempt to procure perjured testimony. The conduct of the father and brother of appellant Bailey, however reprehensible, was irrelevant to the issue of appellant's

guilt or innocence as charged. This evidence did not go to any material issue at trial and was therefore collateral. *See State v. Galloway,* 263 S. C. 585; 211 S. E. (2d) 885.

In *State v. Brock,* 130 S. C. 252, 126 S. E. 28, the Court adopted the following test for determinig whether matter is collateral: "Would the cross-examining party be entitled to prove the fact as a part of, and as tending to establish, his case? If he would be allowed to do so, the matter is not collateral; but, if he would not be allowed to do so, it is collateral." Certainly the State would not be permitted to show the misconduct of appellant's father and brother as part of its case in chief. Therefore, the testimony would have been improper at any stage of the trial.

The "reply" testimony was prejudicial. The effect of its introduction into evidence was to create the inference that appellant Bailey had attempted through his father and brother to procure perjured testimony, when there was no evidence to connect appellant with the attempt other than his blood relationship. It is difficult to imagine any more prejudicial testimony than an accusation that a defendant sought to manufacture a defense through perjured testimony.

While the admission to reply or rebuttal testimony is ordinarily a matter within the discretion of the trial judge, the exercise of discretion in this case was controlled by error of law to the prejudice of appellants and must be reversed.

Judgment is reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.