23038

The STATE, Respondent v. Daniel LEE, Appellant.

(380 S. E. (2d) 834)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and William Edgar Salters, III,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard April 3, 1989.

Decided June 26, 1989.

TOAL, Justice:

Daniel Lee was tried for and convicted of possession of cocaine. Lee alleges the trial court erred in failing to instruct the jury on "mere presence." We affirm Lee's conviction.

On the afternoon of August 31, 1987, Agent Ramey, employed by the South Carolina Alcoholic Beverage Control Commission, was assisting Officer Frazier, employed by the Charleston County Police Department's Narcotics Unit. While on patrol, the officers drove up to within six feet of a group of approximately six people standing in a semicircle next to a Charleston street. The group scattered when the officers drove up. Ramey testified she saw Lee, who was standing in the group as they approached, drop a plastic container containing white powder, which was later found to be cocaine. Both officers testified they followed Lee around the corner of a nearby building and arrested him.

Lee's testimony as to the facts surrounding his arrest was quite different. Lee testified he was just walking along behind the building. As he turned the corner of the building, he saw the group of people in a circle, saw the officers' car pull up, and saw the people walk away. Lee testified the officers approached and searched him; the officers did not find drugs on Lee, and he was released. After the officers released him and he began to walk away, the officers found the cocaine on the ground where the group had been standing and stopped him again. Lee testified the officers told him they were going to frame him for possession even though they knew he was not involved in the matter.

Lee requested the trial judge instruct the jury on "mere presence," however, the trial judge declined this request. Lee was convicted. This appeal followed.

The law to be charged to the jury is to be determined by the evidence presented at trial. *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983); *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981). The trial court commits reversible error when it fails to give a requested charge on an issue raised by the indictment and evidence presented. *State v. Kimbrell*, 294 S. C. 51, 362 S. E. (2d) 630 (1987); *State v. Robertson*, 191 S. C. 509, 5 S. E. (2d) 285 (1939). The failure to charge "mere presence" may constitute reversible error. *Kimbrell*, 362 S. E. (2d) at 632.

The trial judge should charge only the law applicable to the case, *State v. Fair*, 209 S. C. 439, 40 S. E. (2d) 634 (1946); *State v. Rivers*, 186 S. C. 221, 196 S. E. 6 (1938), as the purpose of jury instructions is to enlighten the jury. *Fair*, 40 S. E. (2d) at 637. Providing instructions to the jury which do not fit the facts of the case may tend to confuse the jury. *Id.*

Possession requires more than mere presence. The State must show the defendant had dominion or control over the thing allegedly possessed or had the right to exercise dominion or control over it. *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974); *State v. Tabory*, 260 S. C. 355, 196 S. E. (2d) 111 (1973).

This Court has held mere presence instructions are required when the evidence presented at trial reasonably supports the conclusion that the defendant was merely present at the scene when drugs were found, but it was questionable

whether the defendant had a right to exercise dominion and control over them. *State v. Kimbrell*, 294 S. C. 51, 362 S. E. (2d) 630 (1987). (Defendant present in mobile home during drug negotiations and purchase but did not directly participate in either).

The evidence produced by the State below tended to ■ show Lee exercised actual possession and control over the cocaine. Thus, "mere presence" was not an instruction supported by the evidence presented by the State at trial. The evidence presented by Lee consisted of his testimony that he was some distance from the group when the officers pulled up and that the officers told him they were "going to frame [him] for what [they] found when [he] wasn't even no where around." Lee's evidence does not support a "mere presence" instruction. Lee's testimony was that the officers knew he was not involved and were framing him, not that he just happened by when someone dropped the bag of cocaine or that he was standing by while others used or possessed cocaine.

The evidence presented at trial did not support a "mere presence" instruction; therefore, the trial judge properly refused to so instruct the jury.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.