23713

The STATE, Respondent v. David James GRATE,
a/k/a David James, Jr., Appellant.

(423 S.E. (2d) 119)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Solicitor Ralph J. Wilson,* Conway, *for respondent.*

Heard Oct. 21, 1991.

Decided Sept. 21, 1992.

FINNEY, Justice:

Appellant David James Grate, a/k/a David James, Jr., was convicted of resisting arrest and sentenced to imprisonment for one year. We affirm in part, reverse in part, and remand.

Loris Police Department Patrolman Charles Oliver saw the appellant on October 27, 1989, at which time the officer had reason to believe a warrant was outstanding against the appellant. After calling to verify that the warrant had not been served, he drove back to the appellant and called him over to the patrol car. The appellant sat in the front seat of the vehicle, and Patrolman Oliver informed him that a warrant had been issued for his arrest charging assault with a deadly weapon, that another officer was on his way with the warrant, and that he was being arrested for the offense.

The appellant then attempted to exit the patrol car, but was prevented from doing so by Officer Jimmy Wilson who had followed Officer Oliver in another vehicle. The appellant was transported to the police station. After one handcuff was removed, the appellant grabbed and pushed Officer Wilson in an attempt to escape. As a result of these actions, the appellant was indicted and tried for resisting arrest pursuant to S.C. Code Ann. § 16-9-320 (1976). The warrant for assault with a deadly weapon was not in the physical possession of the arresting officers at any point while appellant's arrest was being effectuated.

We address first appellant's contention that the trial court erred in denying his motion for a directed verdict, based upon *State v. Francis,* 152 S.C. 17, 149 S.E. 348, 355 (1929), on the ground that the arrest was unlawful in that at the time of the arrest, the officers did not have actual possession of the arrest warrant. The appellant cites *State v. Robertson,* 191 S.C. 509, 5 S.E. (2d) 285 (1939); and *State v. Bethune,* 112 S.C. 100, 99 S.E. 753 (1919), which hold that a

person has a right to resist an unlawful arrest, even to the extent of taking the life of the aggressor if necessary to maintain liberty.

In *State v. Sims*, 304 S.C. 409, 405 S.E. (2d) 377 (1991), this Court held that an officer is authorized to make a warrantless arrest based upon his knowledge that a valid arrest warrant has been issued against a defendant. Additionally, under *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981), an officer may arrest for a misdemeanor without a warrant when the facts or circumstances observed by him provide probable cause to believe a crime has been freshly committed. Assault with a deadly weapon is classified as a misdemeanor. *See* S.C. Code Ann. §§ 16-1-10 (Supp. 1991) and 16-1-20 (1976).

Hence, we hold that the officers' warrantless arrest of the appellant for a misdemeanor was lawful and affirm the trial court's denial of appellant's motion for a directed verdict with regard to this issue.

Next, appellant argues that the solicitor's peremptory strikes against two black venirepersons violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986), which requires that the solicitor's articulated reason for peremptory strikes against members of the defendant's race be racially neutral, clear and reasonably specific. The defendant is a member of the black race.

In response to appellant's *Batson* motion, the solicitor stated that he exercised peremptory strikes against two black venirepersons, twenty-two and twenty-eight years of age, respectively, because they appeared to be too young, and he wanted an older jury. The solicitor seated a twenty-one-year-old white juror. He explained that he had reservations about seating the white juror but had to "make an instant decision to put her on," and believed that if he had her age before him at the time, he "would have stuck her too." The trial court found that the solicitor's articulated reason was sufficiently neutral to comply with *Batson*.

A trial judge's findings as to purposeful discrimination rest largely rest upon his evaluation of the solicitor's credibility, and reviewing courts will accord them considerable deference. However, when the trial court's findings are not supported by evidence in the record, such findings will be overturned. *State v. Patterson*, — S.C. —, 414 S.E. (2d) 155

(1992), *State v. Davis,* — S.C. —, 411 S.E. (2d) 220 (1991).

The solicitor admitted that he was in doubt as to the white juror's age, and that he did not make an inquiry regarding her age. We find that this record refutes the trial court's determination that the solicitor's articulated reason was racially neutral, and hold that the jury was formulated in violation of *Batson v. Kentucky, supra.* We reverse on this issue and remand for a new trial.

In view of our disposition of the foregoing issue, we find it unnecessary to address appellant's remaining exceptions.

Accordingly, this Court affirms the trial court's judgment denying appellant's motion for a directed verdict with regard to the warrantless arrest. We reverse the trial judge's ruling on the *Batson* issue and remand for a new trial.

Affirmed in part; reversed in part; and remanded.

HARWELL, C.J., CHANDLER and TOAL, JJ., and GEORGE T. GREGORY, JR., Acting J., concur.