477 S.E.2d 711

James BRUNSON, Jr., and Randolph Wigfall, Petitioners,

v.

STATE of South Carolina, Respondent.

No. 24510.

Supreme Court of South Carolina.

Submitted Sept. 19, 1996.
Decided Oct. 28, 1996.

Senior Assistant Appellate Defender Wanda H. Haile, Columbia, for petitioner Brunson.

Assistant Appellate Defender Robert M. Pachak, Columbia, for petitioner Wigfall.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Attorney General Teresa Nesbitt Cosby, Columbia, for respondent.

MOORE, Judge.

This case is before us on a writ of certiorari to review the denial of petitioners' applications for post-conviction relief (PCR). We reverse.

## FACTS

Petitioners were tried together and convicted of possession with intent to distribute (PWID) crack cocaine and sentenced to twenty-five years and fined $50,000. Petitioners filed for PCR alleging, *inter alia*, ineffective assistance of counsel on the ground counsel should have requested a mere presence charge.

## ISSUE

Was trial counsel ineffective for failing to request a mere presence charge?

## DISCUSSION

Sergeant Stewart was driving by a sandwich shop late at night and stopped because he heard a disturbance. Petitioner Wigfall was rowdy and using profanity. Stewart arrested Wigfall for disorderly conduct. While being searched prior to being placed in the police car, a pill bottle fell from his pocket. Stewart testified he did not see the bottle fall from Wigfall's pocket nor did he see the bottle on the ground. The bottle

contained crack cocaine. Stewart testified that Brunson approached him as he was arresting Wigfall and asked how Wigfall could be bailed out of jail. Stewart then placed Wigfall in the car and transported him to the police station.

Terry Adams, the son of an off-duty police officer, was working in the same vicinity at a junkyard. His father, Lieutenant Adams, was inside. Terry testified he saw the bottle fall and Brunson step on it in apparent attempt to hide it. Terry informed his father, Lieutenant Adams, who then questioned Brunson. Adams testified Brunson ignored several requests to step back. Finally, he complied and Adams recovered the bottle. Adams attempted to flag down Stewart but was unsuccessful. Brunson was arrested and petitioners were charged with PWID crack cocaine.

■ Petitioners contend the PCR judge erred in failing to grant petitioners' PCR because counsel failed to request a mere presence charge. We agree. In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove that counsel's performance was deficient and that the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

■ The law to be charged is determined by the evidence presented at trial. Mere presence instructions are required when evidence supports the conclusion that the defendant was merely present at the scene where drugs were found and it was questionable whether the defendant had a right to exercise dominion and control over them. *State v. Lee*, 298 S.C. 362, 380 S.E.2d 834 (1989). At trial, Officer Stewart testified he did not see or hear anything fall from Wigfall's pockets. There also was testimony from a witness that the bottle was not retrieved from underneath Brunson's foot. Thus, there was evidence to support a mere presence charge as to both petitioners and trial counsel should have requested such a charge. Failure to request this charge was prejudicial to petitioners' case. Therefore, the PCR judge's denial of relief is

REVERSED.

TOAL, A.C.J., and WALLER and BURNETT, JJ., concur.

FINNEY, C.J., not participating.