THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jermaine Harris, Appellant.
 
 
 

Appeal From Sumter County
 Howard P. King, Circuit Court Judge

AFFIRMED

Unpublished Opinion No. 2004-UP-065
 Submitted January 12, 2004  Filed February 
 5, 2004

 
 
 
 Assistant Appellate Defender 
 Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Donald J. Zelenka, Assistant Attorney General Melody J. Brown, all of 
 Columbia;  and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Appellant Jermaine Harris was 
 convicted of murder, assault and battery with intent to kill, armed robbery, 
 and possession of a weapon during a crime of violence in connection with the 
 robbery of a convenience store that left one of the stores owners dead and 
 the other injured.  He appeals, asserting error in the trial courts exclusion 
 of extrinsic impeachment evidence and in its refusal to charge the jury on mere 
 knowledge. We affirm.
FACTS
Around 11:00 p.m. on December 21, 1999, Perry Loyd 
 and his wife were closing up the B & D convenience store they owned.  Mrs. 
 Loyd waited in their truck while Mr. Loyd locked the stores door.  As he locked 
 the door, an individual holding a gun surprised him and told Mr. Loyd to give 
 it up.  The individual then fired two shots.  Mr. Loyd backed away from the 
 storefront and pulled out his gun.  A second individual then moved toward Mr. 
 Loyd, stumbled, and fired his gun at Mr. Loyd.  A third individual then came 
 around the side of the store, raised his gun, and fired two shots at Mr. Loyd, 
 hitting him directly below the knee.  Mr. Loyd was shot a total of six times 
 from three different guns.  Mrs. Loyd died from a gunshot wound to the head.
Mr. Loyd identified Rashaun Brooks as the first shooter, 
 Paris McLeod as the second shooter, and Harris as the third shooter.  All three 
 defendants were arrested shortly after the robbery upon Mr. Loyds positive 
 identification.  
At the residence where the three defendants were 
 arrested, the police also arrested Leroy Porter on separate and unrelated charges.  
 Porter approached the investigating officers after he was arrested.  As a result 
 of the conversation, the officers went to Young Street in an attempt to locate 
 the guns used in the robbery.  After the first attempt failed, Officer Gardner 
 asked Porter to wear a hidden microphone and record a conversation with Rashaun 
 Brooks to get a lead on the location of the guns.  After reviewing the recorded 
 conversation, the police located a Mack 90 rifle that was positively connected 
 to the shells recovered from the scene.
At trial, Officer Gardner was asked on cross-examination 
 whether he previously stated that he had reached an agreement with Porter.  
 Gardner denied having made such a statement.  The trial attorney representing 
 Paris McLeod then sought to introduce the testimony of John Davis to show that 
 Gardner, in fact, previously stated that a deal had been reached with Porter.  
 The trial court sustained the solicitors objection that the testimony was improper 
 impeachment testimony.  All three defendants joined in the proposed impeachment 
 proffer.  
After hearing the proposed jury instructions, the 
 defense argued the trial court should charge that mere knowledge, in addition 
 to mere presence and mere association, was also insufficient to justify a conviction.  
 The court denied the motion, and charged the jury on mere presence and association, 
 but not mere knowledge.  The jury found Harris guilty, and he was sentenced 
 to thirty years for murder, seven years consecutive for assault and battery 
 with intent to kill, five years concurrent for armed robbery, and five years 
 concurrent for possession of a weapon during a crime of violence.  This appeal 
 follows.
ISSUES
1.  Did the trial court err in refusing to allow extrinsic 
 impeachment evidence about whether an agreement had been entered into with Leroy 
 Porter?  
2.  Did the trial court err in refusing to instruct the 
 jury that mere knowledge was insufficient to establish guilt?  
LAW/ANALYSIS
Impeachment Evidence
Harris asserts the trial court erred in refusing to 
 admit extrinsic evidence contradicting the testimony of one of the States witnesses.  
 We disagree.  
Rule 613(b), SCRE, provides, in part: 

 Extrinsic evidence of a prior inconsistent statement by a 
 witness is not admissible unless the witness is advised of the substance of 
 the statement, the time and place it was allegedly made, and the person to whom 
 it was made, and is given the opportunity to explain or deny the statement. 
 If a witness does not admit that he has made the prior inconsistent statement, 
 extrinsic evidence of such statement is admissible.

Accordingly, [e]very witness under cross-examination 
 may be asked whether he has made any former statements relative to the subject 
 matter of the action and inconsistent with his present testimony.  Aakjer 
 v. Spagnoli, 291 S.C. 165, 170, 352 S.E.2d 503, 507 (Ct. App. 1987).  In 
 order to contradict a witness by introducing a prior statement, a foundation 
 must be laid putting the witness on notice.  McMillan v. Ridges, 229 
 S.C. 76, 79-80, 91 S.E.2d 883, 884 (1956).  This notice requirement is met 
 when the cross-examiner advises the witness of the substance of the prior statement, 
 the time and place of the statement, and the person to whom the statement was 
 made.  State v. Galloway, 263 S.C. 585, 591, 211 S.E.2d 885, 888 (1975).  
 The standard of review for the admissibility of evidence limits reversal by 
 this court to situations amounting to an abuse of discretion.  State v. Saltz, 
 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001).  
In this case, Harriss co-defendant sought to contradict 
 Officer Gardners denial that Gardner and Leroy Porter made an agreement.  The 
 record indicates defense counsel alleged the conversation occurred in the solicitors 
 office, but the proffered testimony suggests the location was elsewhere.  Furthermore, 
 defense counsel could only pinpoint the alleged statement to being during the 
 course of the investigation.  Reviewing the admissibility of this evidence 
 under the abuse of discretion standard, we cannot conclude that the trial court 
 erred in excluding this evidence where the prerequisites of the notice requirement 
 in Rule 613(b), SCRE, were not satisfied.
Mere Knowledge Instruction
Harris asserts the trial court erred 
 in refusing to include a jury charge that a defendants mere knowledge that 
 a crime was going to occur is insufficient to constitute guilt.  After hearing 
 the trial courts proposed jury instructions, the defense argued the court should 
 charge that mere knowledge, in addition to mere presence and mere association, 
 was also insufficient to justify a conviction.  The court denied the motion.  
The evidence presented at trial determines the 
 law with which the jury should be charged.  Although a trial court commits 
 reversible error when it fails to give a requested charge on an issue raised 
 by the indictment and evidence presented, the court should charge the jury 
 with only the law applicable to the case.  State v. Lee, 298 S.C. 362, 
 364, 380 S.E.2d 834, 835-36 (1989).  Superfluous and inapplicable instructions 
 should be meticulously avoided, for the purpose of jury instructions is to enlighten 
 the jury; redundant instructions and those not in conformance with the facts 
 of a case only operate to imbue unwarranted confusion in the minds of jurors.  State v. Fair, 209 S.C. 439, 445, 40 S.E.2d 634, 637 (1946); see also State v. Franklin, 299 S.C. 133, 382 S.E.2d 911 (1989).
Although Harriss proposed charge that 
 mere knowledge a crime is going to be committed does not, in and of itself, 
 establish guilt is a correct statement of law, an additional instruction to 
 that affect would be of no particular relevance to this case.  In State v. 
 Collins, 266 S.C. 566, 570, 225 S.E.2d 189, 192 (1976), the mere knowledge 
 charge was necessitated by the fact that there was evidence that the defendant 
 could not have been the principal to the armed robbery because he was in jail 
 at the time the store was robbed.  In this case, there is evidence of Harriss 
 presence at the scene.  In addition to the testimony that Harris had prior knowledge 
 that a crime was going to be committed against the Loyds, Mr. Loyds testimony 
 placed Harris at the scene as one of the individuals who shot him.  There is 
 no indication anywhere in the record of the impossibility of Harriss participation 
 or that he was not present at the scene.  The trial court acted appropriately 
 in denying the request to charge on mere knowledge.
CONCLUSION
For the foregoing reasons, Harriss convictions are
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concur.