**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeanette Tvonne Glover, Appellant.

Appellate Case No. 2017-000911

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2019-UP-207
Submitted May 8, 2019 – Filed June 5, 2019

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**

Public Defender Minh Lee Wyman, of Orangeburg, for Appellant.

Jay T. Thompson, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** Jeanette Yvonne Glover appeals her conviction for criminal domestic violence (CDV), arguing the trial court erred in (1) denying her motion for a directed verdict because the State did not disprove the elements of self-

defense beyond a reasonable doubt, and (2) denying her request for a jury instruction on self-defense. We affirm in part, reverse in part, and remand for a new trial.

**FACTS**

Officer Robert Gill testified he responded to the Glover residence in reference to a verbal dispute. Gill found Glover's husband, Leroy Glover (Husband), sitting outside their house. Officer Gill testified Husband told him that when he returned home from work, he placed his car keys on a table in the house and that upset Glover. He also told Officer Gill that Glover grabbed him in the face. Officer Gill observed a mark under Husband's nose and on his chin, which was confirmed by photos admitted without objection. Husband told Officer Gill that he felt blood dripping from his nose during the altercation. Husband also told Officer Gill that he did not want to get Glover in trouble—he just wanted his car keys.

Officer Gill testified Glover told him that she and Husband argued about the keys and Husband struck her in the face first. Officer Gill did not observe any marks or injuries on Glover. He determined Glover was the primary aggressor and arrested her for CDV.

Husband gave Officer Gill a written statement the night of the incident:

> I got in from work. My wife started cursing about I had the car keys. I set down in the den of house doing my paper work. She call me son of a bitch, bastard, mother fucker, then grab me with both hands in my face. I push her away to free my self. That when I call 911.

At trial, Husband testified Glover scratched him in the face after he hit her first. Husband testified he only called the police to get his keys. Husband admitted he did not tell Officer Gill on the night of the incident that he hit Glover first or mention it in his written statement. Glover did not testify or call any witnesses to the stand.

The case was tried on June 9, 2015, before the Orangeburg Municipal Court, and the jury found Glover guilty of CDV. The court sentenced Glover to a State-approved batterer's treatment program with a suspended sentence of 30 days and a monetary fine. Glover appealed to the Orangeburg County Court of Common Pleas. After a hearing on September 28, 2015, the circuit court affirmed the

municipal court.  Glover filed a motion to reconsider pursuant to Rule 59(e), SCRCP, which was denied.  This appeal follows.

**LAW/ANALYSIS**

## I.    Directed Verdict

Glover argues the trial court erred in denying her motion for a directed verdict because the State did not disprove the elements of self-defense beyond a reasonable doubt.  We disagree.

"On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State." *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014).  "If the [S]tate has presented 'any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused,' this [c]ourt must affirm the trial court's decision to submit the case to the jury." *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) (quoting *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004)).  "The appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling." *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002).

In *State v. Light*, 378 S.C. 641, 649, 664 S.E.2d 465, 469 (2008), our supreme court stated the elements required to establish self-defense in South Carolina are as follows:

> (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, the defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the

loss of his life; and (4) the defendant had no other probable means of avoiding the danger.

At the close of the State's case, Glover moved for a directed verdict, arguing the State had not proven: (1) Glover was at fault in bringing on the difficulty; (2) Glover was not in actual danger; (3) Glover was not a reasonably prudent person in her belief; and (4) Glover had probable means to avoid the danger. The trial court denied Glover's motion because she had neither presented evidence of nor claimed self-defense.

On appeal, Glover argues the trial court misstated the law of self-defense when it denied her motion for directed verdict because "no duty to disprove the elements of self-defense had arisen because the State had no notice that the Defense was asserting this claim." She further cites to *State v. Dickey*, 394 S.C. 491, 716 S.E.2d 97 (2011), for the proposition that the "State must disprove self-defense beyond a reasonable doubt at the directed verdict stage when the uncontroverted facts establish self-defense as a matter of law." Therefore, she asserts the evidence presented established she acted in self-defense as a matter of law and her motion for directed verdict should have been granted.

In *State v. Oates*, 421 S.C. 1, 18-19, 803 S.E.2d 911, 920-21 (2017), our supreme court addressed the confusion among the bench and bar regarding what standard the trial court should apply to a directed verdict motion when self-defense has been asserted:

> In *State v. Dickey*, [394 S.C. at 499, 716 S.E.2d at 101], our supreme court held that the defendant was entitled to a directed verdict on the ground of self-defense. The court began its discussion with the following language:
>
> > "A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged." "If there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury." However, when a defendant claims self-defense, the State is required to disprove the elements of self-defense beyond a reasonable doubt. We find the State did not carry that burden.

*Id.* (citations omitted) (quoting *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006)). Many have reasonably understood this language as requiring the State to disprove self-defense beyond a reasonable doubt at the directed verdict stage.

However, in [*State v.*] *Butler*, the majority reaffirmed the principle that when ruling on a directed verdict motion, the [trial] court "is concerned with the existence of evidence, not its weight." 407 S.C. at 381, 755 S.E.2d at 460 (quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998)); *see id.* (rejecting the defendant's argument that the [trial] court should have required the State to disprove self-defense beyond a reasonable doubt at the directed verdict stage). The majority also expressed its disagreement with the defendant's reliance on *Dickey* "to support her contention that the [circuit] court applied an incorrect standard at the directed verdict stage." *Id.* The court responded that it held in *Dickey* "the defendant was entitled to a directed verdict on the issue of self-defense because the uncontroverted facts established self-defense as a matter of law." *Id.* (citing *Dickey*, 394 S.C. at 501, 716 S.E.2d at 102).

Based on the foregoing, we interpret *Butler* to stand for the proposition that our well-established directed verdict standard is not altered by a defendant's claim of self-defense.

Therefore, if the State presented any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of Glover, we must affirm the trial court's decision to submit the case to the jury. The State presented evidence from Officer Gill that despite Glover's claim that Husband hit her first, she had no visible injuries. In contrast, on the night of the incident Husband told Officer Gill that Glover hit him and he had visible injuries. Also, Husband's testimony at trial that he hit Glover first was contrary to the verbal and written statements he gave Officer Gill on the night of the incident. Thus, we find the trial court did not err in denying Glover's motion for a directed verdict.

## II.    Jury Instruction

Glover argues the trial court erred in denying her request for a jury instruction on self-defense.  We agree.

"The trial court is required to charge only the current and correct law of South Carolina."  *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010).  "The law to be charged to the jury is to be determined by the evidence presented at trial."  *State v. Lee*, 298 S.C. 362, 364, 380 S.E.2d 834, 835 (1989).  "The trial [court] should charge only the law applicable to the case as the purpose of jury instructions is to enlighten the jury."  *Id.* at 364, 380 S.E.2d at 836 (internal citations omitted).  "Providing instructions to the jury which do not fit the facts of the case may tend to confuse the jury."  *Id.*  In charging self-defense, the trial court should consider the facts and circumstances of the case to determine an appropriate charge.  *State v. Fuller*, 297 S.C. 440, 443, 377 S.E.2d 328, 330 (1989).  "If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial [court]'s refusal to do so is reversible error."  *Light*, 378 S.C. at 650, 664 S.E.2d at 469.  "To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."  *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004).

At trial, Glover requested two jury charges on self-defense.  The trial court's order states it denied Glover's request because "there was no testimony from the defense."

On appeal, Glover argues she presented sufficient evidence on each element of self-defense to warrant her requested jury charges.  She alleges she was not at fault in bringing on the difficulty because Husband testified he struck her first.  She also asserts Officer Gill's testimony about previous domestic violence between Glover and Husband where Glover was the victim[1], combined with Husband's testimony that he hit her first, was evidence that she was in imminent danger of serious bodily harm the night of the incident.  Glover next argues a reasonable woman in her circumstances would have believed she had to defend herself based on previous domestic abuse and Husband's testimony that he struck her first.  Finally,

---

[1]  Officer Gill testified about domestic abuse between Glover and Husband that happened twenty years prior, which he did not consider in identifying the primary aggressor in this incident.

Glover asserts she had no duty to retreat because the incident occurred in her marital home.

We find the trial court erred in denying Glover's request to instruct the jury on self-defense. Although Glover did not present any evidence in her defense, there was evidence presented that she acted in self-defense. Officer Gill testified Glover told him the night of the incident that Husband hit her first. Husband also testified Glover scratched him in his face after he hit her first. He stated: "I hit her, and then she came and clawed me in the face. She was trying to defend herself, I guess, like I was trying to get my keys." Because there was evidence in the record from which a jury could have inferred Glover acted in self-defense, it was error for the court to not instruct the jury on self-defense and the error was prejudicial to Glover. *See Light*, 378 S.C. at 650, 664 S.E.2d at 469 ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial [court]'s refusal to do so is reversible error."). Therefore, we reverse on this issue and remand the case to the trial court for a new trial.

**CONCLUSION**

Accordingly, the order of the trial court is

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[2]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.