22800

The STATE, Respondent v. Vicki KIMBRELL, Appellant.
(362 S. E. (2d) 630)

Supreme Court

*Jack B. Swerling,* of *Swerling & Harpootlian, F. Patrick Hubbard, USC School of Law,* Columbia, and *George W. Speedy,* of *Furman, Speedy & Stegner,* Camden, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard Sept. 22, 1987.

Decided Nov. 23, 1987.

CHANDLER, Justice:

Appellant Vicki Kimbrell (Kimbrell) was convicted of trafficking in cocaine and sentenced to twenty-five years imprisonment. We reverse and remand for a new trial.

## FACTS

On March 31, 1986, a confidential informant (Roberts) arranged a meeting between an undercover police officer (O'Donald) and Kimbrell's ex-husband, Gene Kimbrell (Gene), a suspected drug dealer. At 5:00 that afternoon, Roberts and O'Donald went to Gene's mobile home where O'Donald bought an ounce of cocaine from Gene and agreed to purchase cocaine every two weeks. Although Kimbrell was present during these discussions, she did not participate in the drug transaction.

Based upon the information O'Donald had acquired during the March 31 meeting, narcotics officers obtained a warrant to search Gene's mobile home. They then planned a "buy-bust" operation. Thereafter, O'Donald called Gene and arranged for a buy of both cocaine and marijuana.

O'Donald, wearing a hidden transmitter, arrived at Gene's mobile home on the afternoon of April 3. When he and Gene went into the kitchen, O'Donald saw a small amount of cocaine on a plate and a zip-lock bag of cocaine on the kitchen counter. A set of scales was on the kitchen table.

When O'Donald asked to see the marijuana, Gene led him down the hallway towards the back door. Gene stopped at the bedroom door, knocked, and told Kimbrell "the toot [cocaine] is laying on the table, we're going outside, watch it." Kimbrell, carrying a beige pocketbook, then walked out of the bedroom and into the kitchen.

Gene and O'Donald proceeded outside and viewed the marijuana in Gene's pickup truck. When they reentered the mobile home, Kimbrell returned to the bedroom and closed the door.

O'Donald then transmitted a signal to the other officers that they should commence the bust. Kimbrell ran out from the bedroom shouting that a car had just pulled up, after which she ran back into the bedroom and closed the door. Upon their arrival, the other officers found Kimbrell sitting on the bed, the butt of a pistol protruding from her beige pocketbook.

## ISSUES .

By her appeal Kimbrell alleges the trial judge erred in:

1. Denying the motion for directed verdict.
2. Excluding testimony concerning Kimbrell's ability to comprehend.
3. Admitting into evidence a pistol.
4. Denying requested jury instructions.

## I. DIRECTED VERDICT

In reviewing the denial of a motion for directed verdict in a criminal case, the evidence must be viewed in the light most favorable to the State. A jury issue is created when there is any direct or circumstantial evidence which reasonably tends to prove the guilt of the accused. *State v. Owens*, 291 S. C. 116, 352 S. E. (2d) 474 (1987); *State v. Mathis*, 287 S. C. 589, 340 S. E. (2d) 538 (1986).

A person who is *knowingly* in actual or constructive possession of ten or more grams of cocaine is guilty of trafficking in cocaine. S. C. Code Ann. § 44-53-370(e)(2) (1985). The thrust of Kimbrell's directed verdict motion is that the State failed to present sufficient evidence of her *knowing possession* of the cocaine seized.

An accused person has possession of contraband when he has both the power and intent to control its disposition or use. *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974). Here, the State produced evidence that Kimbrell had actual knowledge of the presence of the cocaine. Because actual knowledge of the presence of the drug is strong evidence of intent to control its disposition or use, knowledge may be equated with or substituted for the intent element. *State v. Lane*, 271 S. C. 68, 245 S. E. (2d) 114 (1978). Possession may be inferred from circumstances. *Ellis, supra.*

From the evidence in this case it can be inferred that Kimbrell had both the power and intent to control the cocaine during the time Gene and the undercover agent were outside the mobile home.

From the record, it is patent that the State presented sufficient evidence to submit the case to the jury. While Gene's testimony as to what transpired is at variance with that of the State's witnesses, it was for the jury to resolve the disputed evidence.

## II. ABILITY TO COMPREHEND

Gene, Kimbrell's ex-husband, sought to testify concerning Kimbrell's ability to comprehend. The trial judge sustained an objection by the State.

As no proffer of the excluded testimony was made, this issue is not preserved for review. *State v. Roper*, 274 S. C. 14, 260 S. E. (2d) 705 (1979).

## III. ADMISSION OF PISTOL INTO EVIDENCE

### A. UNLAWFUL SEIZURE

Kimbrell alleges the pistol seized by police from her purse should have been suppressed because it was not covered by the search warrant for drugs and drug paraphernalia.

The State relies upon the plain view exception. Evidence is legally seized under the exception when (1) the initial intrusion is lawful; (2) the discovery of the evidence is inadvertent; and (3) the incriminating nature of the evidence is immediately apparent.

From a thorough review of the record we find that the evidence fully supports a seizure under the plain view exception. *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983) [citing *Coolidge v. New Hampshire*, 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971)]. *See also United States v. Robinson*, 756 F. (2d) 56 (8th Cir. 1985); *United States v. Reed*, 726 F. (2d) 339 (7th Cir. 1984).

The motion to suppress was properly denied.

### B. RELEVANCE

Kimbrell also argues the pistol was inadmissible as irrelevant to the issues at trial. We hold it was relevant evidence of Kimbrell's knowledge and intent. *United States v. Marino*, 658 F. (2d 1120 (6th Cir. 1981). The jury could well have inferred that Kimbrell was using the pistol for protection of the cocaine.

## IV. REQUESTED JURY INSTRUCTIONS

### A. PRESUMPTION OF COERCION

Kimbrell contends the trial judge erred in refusing to charge the presumption that a wife acts under the coercion of her husband when she commits a crime in

his presence. In view of the undisputed evidence that Kimbrell and Gene were legally divorced at the time of the crime, she was not entitled to the requested charge.

## B. MERE PRESENCE

Kimbrell argues the trial judge erred in refusing her ▮ request to charge that "mere presence, where the drugs are present, would not be sufficient to convict, without more." We agree.

It is error to refuse a requested charge on an issue raised by the indictment and the evidence presented at trial. *State v. Fair*, 209 S. C. 439, 40 S. E. (2d) 634 (1946); *State v. Robertson*, 191 S. C. 509, 5 S. E. (2d) 285 (1939). The charge requested by Kimbrell is a correct statement of the law. *See State v. Brown*, 267 S. C. 311, 227 S. E. (2d) 674 (1976); *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974). The judge's charge, as given, did not adequately cover the substance of Kimbrell's request. Failure to charge on *mere presence* constitutes reversible error.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.