24047

Lewis Henry SOLOMON, Petitioner v. STATE of South Carolina, Respondent.

(443 S.E. (2d) 540)

Supreme Court

---

*Chief Attorney Daniel T. Stacey,* of the *Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

Submitted Jan. 19, 1994.

Decided Apr. 18, 1994.

WILLIAM T. HOWELL, Acting Associate Justice:

We granted certiorari to review the dismissal of Lewis Henry Solomon's (Solomon) application for postconviction relief (PCR). Solomon contends that the PCR judge erred in finding that he received effective assistance of counsel. We disagree and affirm.

## I. *Facts*

Solomon and his brother, Darnell, approached a house where drug agents were conducting a search and asked to see the owner. Solomon and Darnell entered the house but fled after seeing another agent. During the ensuing chase, Solomon allegedly discarded a bag that was later determined to contain cocaine. Both brothers were arrested and subsequently indicted for trafficking in cocaine. Following a mistrial, the State severed the trials against the brothers.

At the beginning of Solomon's second trial, Darnell's attorney informed the trial judge that Darnell would assert his Fifth Amendment privilege if called as a witness and that the solicitor's office had agreed to dismiss the charges against Darnell if he did not testify in his brother's case. At trial, Solomon testified that he was not carrying a bag, but that Darnell had a bag containing beer. Four other defense witnesses corroborated Solomon's testimony that he was not holding a bag. Darnell did not testify and the charges against him were dismissed. A jury found Solomon guilty and we affirmed his conviction on direct appeal. *State v. Solomon*, Memo Op. 89-MO-22 (S.C. Sup. Ct. filed January 9, 1989).

Solomon later applied for PCR, claiming that he received ineffective assistance of counsel because his attorney failed to call Darnell as a witness or object to the agreement that dissuaded darnell from testifying. Solomon also claimed that his attorney was ineffective in failing to object to the trial judge's instruction on possession. At the PCR hearing, Darnell's attorney and the assistant solicitor denied the existence of an agreement to dismiss the charges against Darnell in exchange for his refusing to testify in Solomon's trial. The PCR judge dismissed Solomon's PCR application, finding that counsel was not ineffective because no deal existed with regard to Darnell's testimony and that the trial judge's jury instruction taken as a whole was free from error. We granted certiorari.

## II. *Discussion*

Solomon first contends that the PCR judge erred in ruling that trial counsel was not ineffective in failing to object to the solicitor's alleged agreement to dismiss the charges against Darnell if he refused to testify. We disagree.

To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, there is a reasonable probability the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E. (2d) 674 (1984); *Gallman v. State*, 307 S.C. 273, 414 S.E. (2d) 780 (1992).

At the PCR hearing, Darnell's attorney testified that he informed the solicitor's office prior to trial that Darnell would assert his Fifth Amendment right if called

to testify at Solomon's trial and that no deal was entered into with the solicitor's office in exchange for his silence. The assistant solicitor also stated that no deal was made for the charges against Darnell to be dismissed if he did not testify. The PCR judge found that this testimony credibly explained that the State did not enter into an agreement to withdraw Darnell's indictment if he did not testify at Solomon's trial.

We give great deference to a judge's findings when matters of credibility are involved since we lack the opportunity to directly observe the witnesses. *Drayton v. Evatt*, — S.C. —, 430 S.E. (2d) 517 (1993). Any evidence of probative value is sufficient to uphold the PCR judge's findings. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). Here, the testimony of Darnell's attorney and the assistant solicitor is evidence that supports the PCR judge's finding that there was no deal to withdraw Darnell's indictment in exchange for his refusal to testify at Solomon's trial. Accordingly, we hold that the PCR judge did not err in finding that because no agreement had been entered into, Solomon failed to show that trial counsel's failure to object to the "deal" prejudiced the outcome of the trial.

Solomon next contends that the PCR judge erred in holding that trial counsel was not ineffective in failing to object to the court's charge that "actual knowledge of the presence of [a] controlled substance is strong evidence of intent to control disposition." Solomon argues that the trial judge's use of the word "strong" amounted to a comment on the facts or an opinion on the weight of the evidence. We disagree.

In *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987), we held that "[b]ecause actual knowledge of the presence of the drug is strong evidence of intent to control its disposition or use, knowledge may be equated with or substituted for the intent element." The trial judge's instruction was in accord with *Kimbrell*. Accordingly, the PCR judge properly held that trial counsel acted reasonably in not objecting to this charge.

For the foregoing reasons, the order dismissing Solomon's PCR application is

Affirmed.

CHANDLER, Acting C.J., and TOAL and MOORE, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice:

I respectfully dissent. In my opinion, the trial record unequivocally shows that Darnell's attorney and the assistant solicitor had an agreement that the charges against Darnell would be dropped if he did not testify for petitioner, and that this agreement was honored by the State. Accordingly, the denials of the attorney and the assistant solicitor at the PCR hearing lack probative value.

As the majority notes, Darnell's attorney informed the trial court at the outset that the solicitor's office "agreed that if [Darnell] did not testify then at the end of [petitioner's] trial they would dismiss the case against him." As soon as petitioner was convicted and sentenced, the assistant solicitor announced "I will formally on the record note our intention to go immediately next door and not pros [Darnell's] indictment." She then did so. While both the assistant solicitor and the attorney denied the existence of the agreement at the PCR hearing, both Darnell and petitioner's trial attorney confirmed the "deal" at the hearing.

Ordinarily, we defer to the PCR judge's credibility determinations. *Drayton v. Evatt,* — S.C. —, 430 S.E. (2d) 517 (1993). If the Court were faced with a disagreement between the recollections of Darnell's attorney and the assistant solicitor on the one hand, and petitioner's attorney and Darnell on the other, then I would agree there was probative evidence to support the PCR judge's ruling and that it should be affirmed. Here, however, we have more than simply conflicting testimony years after the fact; we have the contemporaneous statements of the parties to the alleged agreement. This Court is not bound by the PCR record alone, but must look as well at the trial record. *See Harres v. Leeke,* 282 S.C. 131, 318 S.E. (2d) 360 (1984). A review of the entire record unequivocally demonstrates the existence of the agreement. Trial counsel's failure to object to it was unreasonable, and the prejudice to petitioner undeniable. I would reverse and grant petitioner's application for postconviction relief. *United States v. Henricksen,* 564 F. (2d) 197 (5th Cir. 1977); *see Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed. (2d) 330 (1972).