737 S.E.2d 480

The STATE, Respondent,

v.

Derrick Lamar CHEEKS, Appellant.

No. 27211.

Supreme Court of South Carolina.

Heard Nov. 15, 2012.
Decided Jan. 16, 2013.

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Kate Keeney, all of Columbia, and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

Justice PLEICONES.

Appellant was convicted of trafficking in crack cocaine in excess of 400 grams and possession of crack with intent to distribute within proximity to a school and received concurrent sentences of twenty-five years (trafficking) and ten years (proximity). On appeal, he contends the trial court erred in failing to find a search warrant fatally defective, and in giving an improper jury instruction.[1] We find no merit in the warrant issue, but agree the instruction was improper. Because we find appellant was not prejudiced by the erroneous charge, however, we affirm his convictions and sentences.

## ISSUES

1) Was the search warrant fatally defective because it did not contain a description of the place to be searched?

---

[1]. Appellant's codefendant (and uncle) raised virtually the same arguments in an appeal decided by the Court of Appeals. *State v. Cheeks,* 400 S.C. 329, 733 S.E.2d 611 (Ct.App.2012).

2) Did the trial judge err in charging the jury that "[a]ctual knowledge of the presence of crack cocaine is strong evidence of a defendant's intent to control its disposition or use?"

## DISCUSSION

### 1. Search warrant.

■ Appellant contends the search warrant which led to his arrest was invalid because it did not describe the place to be searched. We disagree.

The search warrant is blank following the section titled **"Description of Premises (Person, Place, or Thing) to be Searched."** The warrant refers to the attached affidavit, however, which contains both a description of the dwelling to be searched, including its address, and detailed directions to it. Moreover, the solicitor represented that the warrant and affidavit were served together. The trial judge held the warrant and affidavit could be read together to establish the premises description and found the description of the place to be searched met all constitutional and statutory requirements. *State v. Ellis*, 263 S.C. 12, 207 S.E.2d 408 (1974) (warrant and affidavit read together withstand constitutional and statutory attacks on particularity of premises) *disapproved on other grounds by State v. Adams*, 291 S.C. 132, 352 S.E.2d 483 (1987); *State v. Williams*, 297 S.C. 404, 377 S.E.2d 308 (1989).[2]

Appellant contends the warrant is "plainly invalid" because it did not comply with the Fourth Amendment's requirement that the warrant "particularly describ[e] the place to be searched...." citing *Groh v. Ramirez*, 540 U.S. 551, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). *Groh* was a *Bivens*[3] suit where the warrant application that contained the particularized information was not incorporated into the warrant itself. The *Groh* Court therefore did not reach the issue whether a facially defective warrant can be salvaged by considering other

**2.** Appellant's argument rests largely on U.S. Const. amend. IV, but he also invokes S.C. Const. art. I, § 10 and S.C.Code Ann. §§ 17–13–140 and –160 (2003). Our decision disposes of all grounds.

**3.** *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

related documents. The Court did acknowledge that most appellate courts have held that they "may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Id.* at 557–558, 124 S.Ct. 1284; *see also U.S. v. Hurwitz,* 459 F.3d 463, 470–471 (4th Cir.2006) (in Fourth Circuit, warrant construed with supporting documents if incorporated by warrant language or if those documents accompany warrant).

Here, the warrant refers to the attached affidavit, and the solicitor represented without contradiction that the affidavit accompanied the warrant. As we read the opinion, nothing in *Groh* prohibits a court from considering an accompanying or "incorporated" affidavit along with the search warrant for purposes of satisfying the Fourth Amendment's particularity requirements.

We affirm the trial judge's ruling upholding the validity of the search warrant.

## 2. Jury instruction.

When the police executed the warrant at witness Markley's house, they interrupted appellant in the process of 'cooking' crack cocaine. He was observed fleeing from the kitchen, where water was boiling, materials [4] used in the manufacture of crack were on the kitchen counters, and a digital scale was found. In addition, 650 grams of crack,[5] most of which was broken up into baggies, was seized from the kitchen where appellant had been found cooking. Moreover, on the day of his arrest, appellant sent his uncle on "an errand" from the house where appellant was found cooking, after having sent the uncle to a store to buy baking soda. When the car in which the uncle was travelling was stopped and searched, two ounces of crack were found, the inference being that the uncle was delivering the crack for appellant. In short, there was overwhelming evidence that appellant both trafficked in more than 400 grams of crack and possessed it with intent to distribute.

---

4. Inositol and baking powder.

5. The crack was valued at between $23,000 (wholesale) and $65,000 (retail).

During the jury charge, the jury was repeatedly instructed that mere presence at the scene of a crime is insufficient evidence, in and of itself, to support a guilty verdict. When charging the jury on trafficking by possession, the trial judge stated:

> Now, possession, to prove possession the State must prove, beyond a reasonable doubt, that the defendant in the, in the case both had the power and the intent to control the disposition or use of the crack cocaine. Therefore, possession, under the law, can either be actual or constructive.
>
> Now, actual possession means that the crack cocaine was in the actual physical custody of the defendant. Constructive possession means that the defendant had dominion or control or the right to exercise dominion or control over either the crack cocaine or the property on which the crack cocaine was found.
>
> Now, mere presence at a scene where drugs are found is not enough to prove possession. **Actual knowledge of the presence of the crack cocaine is strong evidence of a defendant's intent to control its disposition or use.** The defendant's knowledge and possession can be inferred when a substance is found on property under the defendant's control. However, this inference is simply an evidentiary fact to be taken into consideration by you along with other evidence in this case and to be given the amount of weight you think it should have. Two or more persons may have joint possession of a drug.
>
> (emphasis supplied).

Appellant objected to this "actual knowledge/strong evidence" charge, arguing that it was a comment on the facts and the weight of those facts, and that it nullifies or at least conflicts with the mere presence charge. He followed up by noting that *State v. Kimbrell*, 294 S.C. 51, 362 S.E.2d 630 (1987), upon which the judge and solicitor relied, did not involve a jury charge. The judge clarified he was also relying on *Solomon v. State*, 313 S.C. 526, 443 S.E.2d 540 (1994). We now clarify *Kimbrell* and overrule *Solomon* to the extent it approves of the "actual knowledge/strong evidence" charge.

In *Kimbrell*, appellant contended she was entitled to a directed verdict because the State failed to present evidence

that she knowingly possessed the cocaine. The evidence at trial showed that appellant's ex-husband dealt drugs from his trailer. Appellant was present at the trailer when a confidential informant (CI) arrived for an arranged buy. As the ex-husband and CI left the trailer to look at the marijuana stored outside, the ex-husband had appellant leave a bedroom and go to the kitchen where cocaine was on the counter, telling her "the toot [cocaine] is laying on the table, we're going outside, watch it." In deciding the directed verdict issue on appeal, the Court noted that a "person has possession of contraband when he has the power and intent to control its disposition or use" and then held

> [t]he State produced evidence that [appellant] had actual knowledge of the presence of the cocaine. Because actual knowledge of the presence of the drug is strong evidence of intent to control its disposition or use, knowledge may be equated with or substituted for the intent element.

*Kimbrell,* 294 S.C. at 54, 362 S.E.2d at 631.

From this language has evolved a jury charge to the effect that "actual knowledge [of the possession of drugs] is strong evidence of intent to control its disposition or use." We agree with appellant that this charge both improperly weighs the evidence, and that it largely negates the mere presence charge.

 Simply because certain facts may be considered by the jury as evidence of guilt in a given case where the circumstances warrant, it does not follow that future juries should be charged that these facts are probative of guilt. It is always for the jury to determine the facts, and the inferences that are to be drawn from these facts. For example, it is well-settled that while evidence that a criminal defendant evaded arrest or absconded from the jurisdiction may be admissible as evidence of guilt, and may be argued to the jury as such, it is improper to charge the jury on this evidentiary inference because such a charge places "undue emphasis" on that piece of circumstantial evidence. *E.g., State v. Grant,* 275 S.C. 404, 272 S.E.2d 169 (1980). Similarly, charging a jury that "actual knowledge of the presence of a drug is strong evidence of intent to control its disposition or use" unduly emphasizes that evidence, and deprives the jury of its prerogative both to draw

inferences and to weigh evidence. This charge converts all persons merely present who have actual knowledge of the drugs on the premises into possessors of that drug. We agree with appellant that this charge largely negates the mere presence charge, and erroneously conveys that a mere permissible evidentiary inference is, instead, a proposition of law.

■ Even if we did not agree with appellant that the "strong evidence" charge undermines the mere presence charge, we hold that the "strong evidence" charge is improper as an expression of the judge's view of the weight of certain evidence, and overrule *Solomon* on this point.

In his post-conviction relief (PCR) action, Solomon contended the use of the adjective "strong" was either a comment on the facts or an improper expression of the trial judge's view of the weight of the evidence and alleged his trial counsel was ineffective for failing to object to it. On certiorari to review the denial of Solomon's PCR, the Court summarily dealt with this issue, stating only that the "instruction was in accord with *Kimbrell.*" *Solomon,* 313 S.C. at 529, 443 S.E.2d at 542. *Solomon* is wrongly decided because, as appellant argues, "strong" is necessarily a comment on the weight of the evidence, and *Kimbrell* does not approve any such charge.

■ We now overrule *Solomon* and instruct the bench to no longer use the "strong evidence" charge, which is derived from a statement on the sufficiency of the evidence in *Kimbrell.* Appellant cannot show prejudice from the charge in this case, however, as there was no evidence that he was "merely present" at Markley's house when the search warrant was executed. Rather the evidence was that he was actively cooking crack cocaine when the warrant was served, and that he possessed the 650 grams of crack found on the kitchen counter. Further, in light of the overwhelming evidence of appellant's guilt, he cannot demonstrate prejudice warranting reversal from the adjective "strong" used in the charge.

## CONCLUSION

Appellant's convictions and sentences are

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.