**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Travas D. Jones, Appellant.

Appellate Case No. 2012-211992

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2014-UP-180
Heard April 9, 2014 – Filed April 30, 2014

**REVERSED AND REMANDED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** Travas D. Jones appeals his convictions for trafficking crack cocaine, possession with intent to distribute cocaine, and possession of a weapon during a crime of violence, arguing the circuit court erred in charging the jury on

constructive possession.  We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cheeks*, 401 S.C. 322, 328-29, 737 S.E.2d 480, 484 (2013) (holding a jury charge including the language "actual knowledge of possession of drugs is strong evidence of intent to control its disposition or use" is erroneous because it largely negates a mere presence charge and is an improper expression of the circuit court's view of the weight of certain evidence); *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("Errors, including erroneous jury instructions, are subject to a harmless error analysis."); *State v. Buckner*, 341 S.C. 241, 247, 534 S.E.2d 15, 18 (Ct. App. 2000) ("[I]n determining whether the error was harmless, [a reviewing court] must determine beyond a reasonable doubt that the error complained of did not contribute to the verdict."); *Taylor v. State*, 312 S.C. 179, 183, 439 S.E.2d 820, 822 (1993) ("While there was sufficient evidence from which the jury could have inferred the [defendant]'s intent to distribute the cocaine and marijuana, we cannot say beyond a reasonable doubt the jury did not base its verdict on the erroneous jury charge.").

**REVERSED and REMANDED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**