758 S.E.2d 715

**The STATE, Respondent,**

v.

**Ricky CHEEKS, Petitioner.**

**Appellate Case No. 2012–213690.**

**No. 27390.**

Supreme Court of South Carolina.

Submitted May 20, 2014.

Decided May 28, 2014.

warning contained in letter of caution is relevant to the misconduct alleged in new proceedings).

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Julie Kate Keeney and Assistant Attorney General Mary Shannon Williams, all of Columbia, for Respondent.

PER CURIAM.

Ricky Cheeks seeks review of the Court of Appeals' opinion in *State v. Cheeks*, 400 S.C. 329, 733 S.E.2d 611 (Ct.App.2012), affirming his convictions and sentences and finding the trial judge did not err in charging the jury that "actual knowledge of the presence of crack cocaine is strong evidence of a defendant's intent to control its disposition or use." Based on earlier precedent of this Court, the Court of Appeals determined the jury charge did not negate the mere presence charge that Cheeks was entitled to. *See State v. Kimbrell,*

294 S.C. 51, 362 S.E.2d 630 (1987); *Solomon v. State*, 313 S.C. 526, 443 S.E.2d 540 (1994).

Following the issuance of the Court of Appeals' opinion, this Court, in *State v. Cheeks*, 401 S.C. 322, 737 S.E.2d 480 (2013), affirmed co-defendant Derrick Cheeks' convictions and sentences; however, this Court held the "strong evidence" charge unduly emphasized the evidence, and deprived the jury of its prerogative to draw inferences and to weigh evidence. This Court stated the charge converted all persons merely present who have actual knowledge of the drugs on the premises into possessors of that drug and largely negated the mere presence charge, and erroneously conveyed that a mere permissible evidentiary inference was, instead, a proposition of law.

Based on *State v. Derrick Cheeks*, we find the same charge was improper in the case at hand. However, we also find petitioner was not prejudiced by the charge. There was no evidence that petitioner was "merely present;" rather, petitioner provided financial assistance to the drug operation, aided and abetted the operation, and was in actual possession of the drugs. Accordingly, the Court of Appeals' opinion is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.