**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jacqueline Tedder, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-207814

---

Appeal From Oconee County
John C. Few, Circuit Court Judge
Alexander S. Macaulay, First PCR Judge
J. Cordell Maddox, Jr., Second PCR Judge

---

Unpublished Opinion No. 2016-UP-185
Heard March 16, 2016 – Filed April 20, 2016

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Patrick Lowell Schmeckpeper, both of Columbia, for Respondent.

---

**PER CURIAM:** Jacqueline Tedder appeals the post-conviction relief (PCR) court's findings that she was not entitled to a belated appeal of the denial of her first application for PCR and her plea counsel was ineffective in failing to hold a suppression hearing. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to a belated appeal and PCR counsel's ineffectiveness: *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating to prove trial counsel was ineffective, the defendant must show (1) trial counsel's performance was deficient and (2) the deficiency prejudiced the defendant); *Solomon v. State*, 313 S.C. 526, 529, 443 S.E.2d 540, 542 (1994) (finding when matters of credibility are involved deference is given to the PCR court's findings because appellate courts lack the opportunity to directly observe the witnesses); *Caprood v. State*, 338 S.C. 103, 109-10, 525 S.E.2d 514, 517 (2000) (determining the existence in the record of any evidence of probative value is sufficient to uphold the PCR court's ruling).

2. As to plea counsel's ineffectiveness: *Kolle v. State*, 386 S.C. 578, 588, 690 S.E.2d 73, 78 (2010) ("A defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial."); *State v. Williams*, 351 S.C. 591, 598, 571 S.E.2d 703, 707 (Ct. App. 2002) (stating when probable cause exists to believe a traffic violation has occurred, the decision to stop the automobile is reasonable per se); *State v. Pichardo*, 367 S.C. 84, 97-98, 623 S.E.2d 840, 847 (Ct. App. 2005) (holding the police may stop and briefly detain a vehicle if they have a reasonable suspicion the occupants are involved in criminal activity); *United States v. Place*, 462 U.S. 696, 706-07 (1983) (holding an examination by a trained narcotics dog is not a search and seizure but is considered a minor intrusion); *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (holding once a drug dog alerts an officer of possible contraband, probable cause exists to search the car); *State v. Weaver*, 374 S.C. 313, 320, 649 S.E.2d 479, 482 (2007) ("Pursuant to the automobile exception, if there is probable cause to search a vehicle, a warrant is not necessary so long as the search is based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**