**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Guadalupe Guzman Morales, Appellant.

Appellate Case No. 2017-001796

_____

Appeal From Lancaster County
Roger E. Henderson, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-001
Submitted November 1, 2019 – Filed January 8, 2020

_____

**AFFIRMED**

_____

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Respondent.

_____

**PER CURIAM:** Guadalupe Guzman Morales appeals his convictions for assault with intent to commit criminal sexual conduct (CSC) with a minor, second degree, CSC with a minor, second degree, and CSC with a minor, first degree. On appeal, Morales argues (1) the trial court erred in admitting testimony from the victim's

sister as evidence of a common scheme or plan and (2) *State v. Wallace*, 384 S.C. 428, 683 S.E.2d 275 (2009),[1] is contrary to *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), and thus should be overruled.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The trial court properly exercised its discretion in admitting the disputed evidence.  *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *Wallace*, 384 S.C. at 433-34, 683 S.E.2d at 277-78 ("Rule 404(b) allows the admission of evidence of a common scheme or plan.  Such evidence is relevant because proof of one is strong proof of the other.  When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity . . . .  When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b).  Although not a complete list, in this type of case, the trial court should consider the following factors when determining whether there is a close degree of similarity between the bad act and the crime charged: (1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

2.  This court does not have the authority to overturn supreme court precedent. *State v. Cheeks*, 400 S.C. 329, 342, 733 S.E.2d 611, 618 (Ct. App. 2012) ("[T]his court lacks the authority to rule against prior published precedent from our

---

[1] We recognize our supreme court noted in *State v. King* that *Wallace* incorrectly explained the Rule 403, SCRE, balancing test; however, *King* does not impact the portions of *Wallace* used in this case.  *See King*, 424 S.C. 188, 200, 818 S.E.2d 204, 210 n.6 (2018).

supreme court, but is bound by the decisions of the supreme court."), *aff'd as modified on other grounds*, 408 S.C. 198, 758 S.E.2d 215 (2014).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.