**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dale Gould, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2018-000876

―――――――――――

Appeal From Charleston County
Maite Murphy, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-004
Submitted September 1, 2021 – Filed January 5, 2022

―――――――――――

**REVERSED**

―――――――――――

Senior Assistant Deputy Attorney General Megan Harrigan Jameson, of Columbia, for Petitioner.

Appellate Defender Lara Mary Caudy, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** The State appeals the post-conviction relief (PCR) court's grant of PCR to Dale Gould. This court granted the State's petition for writ of certiorari and ordered briefing on the issue of whether Gould's trial counsel was ineffective for failing to object to the trial court's "strong evidence" jury charge. We reverse the PCR court.

**FACTS/PROCEDURAL HISTORY**

A Charleston County grand jury indicted Gould for distribution of cocaine in 2014. At Gould's trial, Taylor Boyd, a student at the College of Charleston, testified that she was a confidential informant in a Charleston City Police sting operation involving Gould. In an effort to have her minor in possession of alcohol charge dropped, Boyd told the police that Gould was selling illegal drugs out of Joe Pasta, a restaurant in downtown Charleston, where he was the manager. Detective Gill of the Charleston City Police told Boyd to text Gould to set up a cocaine buy at Joe Pasta. Boyd wore an audio feed and was accompanied by Officer Frederick of the Charleston City Police, who was wired for video and audio surveillance. The pair met Gould in his office, and Gould instructed Officer Frederick to close the door. Gould pointed to a bag of white powder on the floor and Officer Frederick picked it up. Boyd testified that Gould told her to do the cocaine in the office and not leave with it because he was worried he could go "to jail for distributing it." The video surveillance showed Gould snorting white powder in the office. Boyd and Officer Frederick testified that they left the bag of white powder in the office and went to sit at the bar. Gould followed them to the bar and stood between the barstools where they were sitting. Gould then pointed to another small plastic bag of white powder lying on the ground between the barstools. Officer Frederick picked up the bag. After she and Boyd left Joe Pasta, Officer Frederick gave the bag to Detective Gill during debriefing. Laboratory testing of the bag revealed it contained 0.23 grams of cocaine.

During the jury charge, the trial court instructed the jury that "mere presence at the scene where the drugs were found is not enough to prove possession. Actual knowledge of the presence of the cocaine is strong evidence of [Gould's] intent to control its disposition or use." Gould's trial counsel did not object. During deliberations, the jury requested the trial court read the charge a second time, and the trial court repeated the previous instruction, including the "strong evidence" charge. Trial counsel did not object.

The jury convicted Gould as indicted, and the trial court sentenced him to ten years' imprisonment. Gould filed a direct appeal, which was perfected pursuant to *Anders v. California*,[1] and later withdrew it. Thereafter, Gould filed a PCR application, which the PCR court granted.

---

[1] 386 U.S. 738 (1967).

In his application, Gould asserted his trial counsel was ineffective for failing to object to the trial court's "strong evidence" charge because it was improper pursuant to the holding in *State v. Cheeks*.[2] During the PCR hearing, trial counsel stated the video from the sting operation showed Gould snorting "cocaine, or something that looked like cocaine." According to trial counsel, the defense strategy surrounded the "question of whether or not [Gould] had been the one to drop [the bag] or not" because there was no testimony that Gould actually placed the bag on the floor between the barstools. Trial counsel explained that when the video showed Officer Frederick, Boyd, and Gould at the bar, there was an exchange during which Gould was evasive about what Officer Frederick and Boyd should do with the bag of cocaine on the floor. Trial counsel noted Gould did not explicitly state that the bag contained cocaine. When asked whether she saw any basis to object to the trial court's jury instructions, trial counsel responded, "I think I botched that one. . . . I think I should have objected to that."

In its order granting Gould's application, the PCR court found trial counsel was deficient for failing to object to the trial court's "strong evidence" charge because the charge was improper under *Cheeks*.[3] The PCR court further found Gould was prejudiced by trial counsel's failure to object to the charge.

## ISSUE ON APPEAL

Did the PCR court err in finding trial counsel was ineffective for failing to object to the trial court's "strong evidence" jury charge?

## STANDARD OF REVIEW

"In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "[Appellate courts] defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them." *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017). However, "[appellate courts] do not defer to a PCR court's rulings on questions of law." *Id.*

## LAW/ANALYSIS

---

[2] 401 S.C. 322, 737 S.E.2d 480 (2013) (*Cheeks I*).

[3] In its order, the PCR court specified it solely found trial counsel was ineffective in failing to object to the jury instruction but not in her representation of Gould during trial or his direct appeal.

"A criminal defendant is guaranteed the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution." *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 101 (2013). "In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514. Deficiency "is measured by an objective standard of reasonableness." *Taylor*, 404 S.C. at 359, 745 S.E.2d at 102. To establish prejudice, an applicant must show that "but for counsel's error, there is a reasonable probability the result of the proceedings would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

"[C]harging a jury that 'actual knowledge of the presence of a drug is strong evidence of intent to control its disposition or use' unduly emphasizes that evidence, and deprives the jury of its prerogative both to draw inferences and to weigh evidence." *Cheeks I*, 401 S.C. at 328–29, 737 S.E.2d at 484. "[T]his charge largely negates the mere presence charge, and erroneously conveys that a mere permissible evidentiary inference is, instead, a proposition of law." *Id.* at 329, 737 S.E.2d at 484. "[T]he 'strong evidence' charge is improper as an expression of the judge's view of the weight of certain evidence." *Id.*

In *Cheeks I*, our supreme court held the defendant could not show prejudice from the "strong evidence" charge because there was no evidence that he was "merely present." *Id.* Instead, the evidence showed the defendant was "actively cooking crack cocaine" and that he possessed crack found on the kitchen counter. *Id.*

Later, in *Cheeks II*, which involved a *Cheeks I* co-defendant, our supreme court reiterated its holding in *Cheeks I* and found the "strong evidence" jury charge was improper. *State v. Cheeks*, 408 S.C. 198, 200, 758 S.E.2d 715, 716 (2014) (*Cheeks II*). The *Cheeks II* court found the defendant was not prejudiced by the jury charge because there was no evidence he was "merely present." *Id.* The court found the defendant "provided financial assistance to the drug operation, aided and abetted the operation, and was in actual possession of the drugs." *Id.*

The State concedes, and we agree, that trial counsel was deficient in failing to object to the "strong evidence" jury charge. *See Cheeks I*, 401 S.C. at 329, 737

S.E.2d at 484. ("We now . . . instruct the bench to no longer use the 'strong evidence' charge."). However, the State contends the PCR court erred in finding trial counsel was ineffective because Gould failed to show he was prejudiced by trial counsel's deficiency. We agree.

Gould has not met his burden of establishing that trial counsel's failure to object to the strong evidence jury charge prejudiced him to the extent that there is a reasonable probability the outcome of his trial would have been different. *See Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."). Here, as in *Cheeks I* and *Cheeks II*, no evidence showed Gould was merely present. Rather, testimony showed Gould took Boyd and Officer Frederick into his office for the purpose of distributing cocaine to them. He pointed to a bag of cocaine on the office floor, encouraged them to try the cocaine from the bag, and snorted it in demonstration. He discussed the possibility of going to prison for distribution of cocaine. He then followed Officer Frederick and Boyd to the bar and pointed to a bag of cocaine on the floor between their barstools. Officer Frederick picked up the bag of cocaine and left Joe Pasta with it. Because the evidence shows Gould possessed the cocaine and actively distributed it to Officer Frederick, we find the PCR court erred in finding Gould was prejudiced by trial counsel's failure to object to the strong evidence jury instruction. *See Taylor*, 404 S.C. at 359, 745 S.E.2d at 102 ("[An applicant] must demonstrate he was prejudiced by counsel's performance in such a manner that, but for counsel's error, there is a reasonable probability the result of the proceedings would have been different.").

Accordingly, we **REVERSE** the PCR court's order granting Gould PCR.[4]

**WILLIAMS, A.C.J., and MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.