# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Nyquan Tykie Brown, Petitioner.

Appellate Case No. 2023-000166

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Greenville County
Edward W. Miller, Circuit Court Judge

———————

Opinion No. 28218
Heard June 19, 2024 – Filed July 17, 2024

———————

## VACATED IN PART, AFFIRMED IN RESULT

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor William Walter Wilkins III, of Greenville, all for Respondent.

**PER CURIAM:** We granted a writ of certiorari to review the court of appeals' decision in *State v. Brown*, 438 S.C. 146, 881 S.E.2d 771 (Ct. App. 2022). We vacate the court of appeals' opinion insofar as the inferred malice instruction is concerned, for we conclude the trial court erred in charging the jury that "malice can be inferred if one kills another during the commission of a felony," as it amounts to an improper charge on the facts. We also vacate the court of appeals' discussion of the felony-murder rule. Nonetheless, as established by the court of appeals, the only dispute at trial was identity, not the presence or absence of malice. For that reason, we find the erroneous jury charge could not have affected the verdict and was, therefore, harmless beyond a reasonable doubt. Accordingly, we affirm in result and uphold Petitioner's convictions for murder, armed robbery, and possession of a weapon during the commission of a violent crime.

Following an apparent drug-related dispute, two masked men robbed and murdered Fred Anderson.[1] Law enforcement's investigation yielded evidence implicating Petitioner, who was indicted for the crimes.

At trial, the State requested that the trial court instruct the jury as to the murder charge that the element of malice "can be inferred if one kills another during the commission of a felony." Petitioner objected to the proposed charge, arguing it required the trial court to impermissibly comment on the facts.[2] In support of his argument, Petitioner pointed to the numerous recent decisions of this Court rejecting similar jury charges that allowed the jury to infer guilt or the satisfaction of a given element of the charged offense based upon the existence of a particular fact. The trial court acknowledged that Petitioner "could be correct with respect to the direction in which the Supreme Court's headed" but maintained this Court had not "gotten there yet" and this case "could give [the Court] the opportunity to get there." Today, we get there.

---

[1] We refer to the court of appeals' opinion for a more detailed presentation of the facts and evidence of the armed robbery and murder.

[2] Petitioner also contended the charge relieved the State from its burden to prove malice beyond a reasonable doubt. We do not disturb the court of appeals' conclusion as to this argument.

We hold the trial court erred in giving the inferred malice instruction, for, in doing so, the trial court improperly elevated and commented to the jury upon a particular fact—the commission of a felony. *See State v. Burdette*, 427 S.C. 490, 502–03, 832 S.E.2d 575, 582 (2019) ("When the trial court tells the jury it may use evidence of [particular facts] to establish the existence of malice, a critical element of the charge of murder, *the trial court has directly commented upon facts in evidence, elevated those facts, and emphasized them to the jury*. Even telling the jury that it is to give evidence of [a particular fact] only the weight the jury determines it should be given does not remove the taint of the trial court's injection of its commentary upon that evidence. . . . *A jury instruction that malice may be inferred from [a particular fact] is an improper court-sponsored emphasis of a fact in evidence . . . and it should no longer be permitted*" (emphasis added)).

This holding invariably follows a lengthy line of cases in which we have invalidated virtually identical inferred malice jury instructions and other instructions involving the trial court's improper commentary on the facts of a case. *See id.* (holding the trial court may not instruct the jury that it may infer existence of malice when a deadly weapon was used regardless of the evidence presented); *State v. Stewart*, 433 S.C. 382, 391, 858 S.E.2d 808, 813 (2021) (disapproving an inference charge about knowledge or possession of drugs when the drugs are found on property under the defendant's control); *State v. Smith*, 430 S.C. 226, 230, 845 S.E.2d 495, 496 (2020) (confirming that trial courts may not give any implied malice charge when there has been evidence presented that the defendant acted in self-defense); *Pantovich v. State*, 427 S.C. 555, 562, 832 S.E.2d 596, 600 (2019) (finding improper a charge that "good character" evidence may create reasonable doubt as to the commission of the crime charged); *State v. Cartwright*, 425 S.C. 81, 93, 819 S.E.2d 756, 762 (2018) (precluding the trial court from providing a limiting instruction or otherwise commenting to the jury on suicide-attempt evidence); *State v. Stukes*, 416 S.C. 493, 499–500, 787 S.E.2d 480, 483 (2016) (invalidating a charge that the victim's testimony in a criminal sexual conduct case need not be corroborated); *State v. Cheeks*, 401 S.C. 322, 328–29, 737 S.E.2d 480, 484 (2013) (concluding, in a drug trafficking case, that the trial court may not charge the jury that actual knowledge of the presence of a drug is strong evidence of a defendant's intent to control its disposition or use); *State v. Hughey*, 339 S.C. 439, 452, 529 S.E.2d 721, 728 (2000) (holding, in a voluntary manslaughter case, the trial court correctly refused the defendant's request to charge the jury specific examples of conduct that might be considered evidence of legal provocation, as the giving of such examples would be an impermissible charge on the facts), *overruled on other grounds by Rosemond v.*

*Catoe*, 383 S.C. 320, 330, 680 S.E.2d 5, 10 (2009); *State v. Grant*, 275 S.C. 404, 407–08, 272 S.E.2d 169, 171 (1980) (concluding it was improper for the trial judge to charge the jury that the defendant's flight may be considered as evidence of guilt).

Although the court of appeals noted it would "not reach the question" of the propriety of the inferred malice jury charge given in this case, it nevertheless opined that the charge here "is meaningfully different" from the inferred malice charges this Court has struck down in other contexts. We discern no meaningful difference between this jury charge—instructing malice "can be inferred if one kills another during the commission of a felony"—from those inferred malice charges we have found improper as involving the trial court's impermissible comments on the facts. That being the case, we vacate the court of appeals' opinion in this regard.

While improper, the inferred malice charge does not warrant reversal in this case. We adopt the reasoning of the court of appeals that the challenged charge did not contribute to the verdict and was, therefore, harmless beyond a reasonable doubt. In short, at trial, Petitioner argued the case was one of mistaken identity, attacking the direct and circumstantial evidence the State presented to link him to the crimes. Significantly, at no point did Petitioner dispute that the armed robbery and murder of the victim occurred or that the victim's death was the result of malice.[3]

Accordingly, we vacate that part of the court of appeals' opinion purporting to uphold the inferred malice instruction. We further affirm the court of appeals' decision in result on the basis of harmless error.

**VACATED IN PART, AFFIRMED IN RESULT.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**

---

[3] We are in no manner suggesting the State is relieved of proving each element of the offense beyond a reasonable doubt. We are merely recognizing that in the context of this case, the erroneous charge was harmless error.