## 1906

The STATE, Respondent v. William D. CHAMBERS, Appellant.

(425 S.E. (2d) 45)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Rakale B. Smith,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Nov. 2, 1992.

Decided Nov. 30, 1992.

GOOLSBY, Judge:

The sole issue presented by William D. Chambers in his appeal from convictions for murder and second-degree arson is whether the trial judge erred in denying Chambers' request for an instruction to the jury that a guest who kills a person in the person's own home has no duty to retreat before self-defense can be asserted as a defense. Chambers shot and killed Nick Hastings while a guest in Hastings' home, a home Chambers set afire after shooting Hastings. Chambers claimed at trial that, before he shot Hastings, Hastings had attacked him.

A lawful guest attacked in the home of another person has no duty to retreat where the attacker is an intruder. *See State v. Osborne,* 202 S.C. 473, 25 S.E. (2d) 561 (1943); *State v. Osborne,* 200 S.C. 504, 21 S.E. (2d) 178 (1942) (cases wherein a guest of a householder killed an intruder), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991). This principle, however, is inapplicable where the attacker is the homeowner. *Vander Wielen v. State,* 47 Ala. App. 108, 251 So. (2d) 240, 241-42, *cert. denied,* 287 Ala. 742, 251 So. (2d) 246 (Ala. 1971). Although a guest in Hastings' home, Chambers had no right, therefore, to stand his ground as against Hastings. *See State v. McIntosh,* 40 S.C. 349, 18 S.E. 1033 (1894) (wherein the court approved the trial judge's instructions that in order for a householder attacked by a social guest upon the premises to avail himself of the plea of self-defense it must have appeared that, at the time the householder struck the fatal blow, he was so assaulted that he believed he had no other probable means of escape from immediate death or serious bodily harm); c. *State v. Bethea,* 241 S.C. 16, 26, 126 S.E. (2d) 846, 851(1962) (Lewis, J., dissenting) (noting that the trial judge had instructed the jury, which convicted the defendant-invitee of murdering his mistress in her own home, that "[a] person in his or her own home is under no obligation to retreat but the other party is under the obligation to retreat unless it reasonably appeared that his or her danger would be increased thereby.").

The trial judge, therefore, committed no error in refusing Chambers' requested charge.

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.