24380

The STATE, Respondent v. Rufus BROWN, Jr., Appellant.

(467 S.E. (2d) 922)

Supreme Court

*Assistant Appellate Defender Robert M. Dudek,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Charles F. Reid,* Columbia; and *Solicitor Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Submitted Nov. 30, 1995.

Decided Mar. 4, 1996.

*Per Curiam:*

Appellant (Brown) was convicted of voluntary manslaughter and possession of a weapon during a violent crime. We affirm.

## FACTS
At trial, Brown admitted shooting Patrick Young (Young), but claimed it was in self-defense.

On the night of the shooting, Brown was a guest in Young's home. As Brown was walking to his car to leave, his brother, Henry Brown, exited the house and described an altercation that had taken place between Henry, Young's sister and Young. Brown walking back into the house to see what was happening. According to Brown, when he reentered, Young threw kerosene on him, approached him while striking a lighter, and said he was going to set Brown on fire. Brown shot Young three times, killing him.

## ISSUES
1) Did the trial judge err in refusing to admit Young's prior voluntary manslaughter conviction into evidence?

2) Did the trial judge err in refusing to give Brown's requested jury charge?

## DISCUSSION

### 1) Victim's Prior Conviction
At a pretrial hearing, Brown indicated his intent to introduce into evidence a portion of Young's criminal record showing a 1971 voluntary manslaughter conviction, in order to prove he had a reasonable apprehension of violence from Young, an element of his self-defense claim. The trial court ruled that the prior conviction was not admissible because it occurred so long ago.

Brown claims the trial judge erred in refusing to admit evidence of Young's prior manslaughter conviction, arguing such refusal was fundamentally unfair because it prevented him from proving he had a reasonable apprehension of violence from Young. We disagree.

In *State v. Amburgey*, this Court stated:

> The rule has long been established in this State that evidence of other specific instances of violence on the part of the deceased are not admissible they were directed against the defendant, or if directed against others, were so closely connected in point of time or occasion with the homicide as reasonably to indicate the state of mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm.

206 S.C. 426, 429, 34 S.E. (2d) 779, 780 (1945). Whether a specific instance of conduct by the deceased is closely connected in point of time or occasion to the homicide so as to be admissible is in the judge's discretion and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the accused. *State v. Peak*, 134 S.C. 329, 133 S.E. 31 (1926).

Young's voluntary manslaughter conviction occurred in 1971, twenty-three years before he was shot by Brown.

Based on the remoteness of this specific act of violence, we find that the trial judge did not abuse his discretion in refusing to admit the conviction into evidence and, therefore committed no error.

### 2) Jury Charge

At the close of Brown's case in chief, he submitted written requests to charge, including a self-defense instruction that a guest or invitee who is lawfully on the premises has no duty to retreat from the owner, unless he has first been ordered to leave. The trial court charged self-defense, but declined to read the specific charge requested by Brown.

Brown alleges error in the trial judge's refusal to read the requested jury charge because it is a sound principle of law. We disagree.

Under the law of self-defense, one who is attacked on his own premises is immune from the duty to retreat. *State v. Merriman*, 287 S.C. 74, 337 S.E. (2d) 218 (1985); *State v. Sales*, 285 S.C. 113, 328 S.E. (2d) 619 (1985). Likewise, a lawful guest attacked in the owner's home has no duty to retreat where the attacker is an intruder. *State v. Osborne*, 202 S.C. 473, 25 S.E. (2d) 561 (1943); *State v. Osborne*, 200 S.C. 504, 21 S.E. (2d) 178 (1942). Whether a lawful guest

has a duty to retreat when attacked by the owner is an issue of first impression before this Court.

In *State v. Chambers*, 310 S.C. 43 425 S.E. (2d) 45 (Ct. App. 1992), the Court of Appeals held that where the attacker is the homeowner, a lawful guest has a duty to retreat before a claim of self-defense will stand. We now adopt this rule. Brown's request to charge was in direct opposition to the rule in *Chambers*; thus, we find no error in the trial judge's refusal to give the requested charge.

For the foregoing reasons, Brown's conviction is

Affirmed.