THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lewis Lloyd, Appellant.
 
 
 

Appeal From Richland County
James W. Johnson, Jr., Circuit Court Judge
Unpublished Opinion No. 2009-UP-060
Submitted January 2, 2009  Filed January
 22, 2009    
AFFIRMED

 
 
 
 Appellate Defender Lanelle C. Durant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Norman Mark Rapoport, Solicitor Warren B. Giese,
 all of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Lewis Lloyd appeals his convictions and sentences for second-degree
 arson and assault and battery of a high and aggravated nature, arguing the
 trial judge erred: (1) in admitting Lloyds custodial statement to a police
 officer, and (2) in refusing to admit evidence of a victims prior
 convictions.  We affirm[1] pursuant to Rule 220(b), SCACR, and
 the following authorities: State v.
 Forrester, 343 S.C. 637, 642, 541
 S.E.2d 837, 840 (2001) (stating to properly preserve an evidentiary issue for
 review, the moving party must also make a contemporaneous objection when the
 evidence is introduced unless the judge rules on the issue immediately prior to
 the introduction of the evidence); State v. Day, 341 S.C. 410, 420, 535
 S.E.2d 431, 436 (2000) ([W]hether a specific instance of conduct by the
 [victim] is closely connected in point of time or occasion to the [incident] so
 as to be admissible is in the judges discretion and will not be disturbed on
 appeal absent an abuse of discretion resulting in prejudice to the accused.); State
 v. Brown, 321 S.C. 184, 187, 467 S.E.2d 922, 924 (1996) (holding no abuse
 of discretion occurred where the trial judge refused to admit the victims
 twenty-three-year-old manslaughter conviction [b]ased on the remoteness in
 time to the incident).  
AFFIRMED.
HEARN, C.J., SHORT and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.