**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert C. Johnson, Appellant.

Appellate Case No. 2008-098296

---

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-271
Heard May 14, 2013 – Filed June 19, 2013

---

**AFFIRMED**

---

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Jimmy A. Richardson, of Conway, for Respondent.

---

**PER CURIAM:**  Robert C. Johnson appeals his murder conviction, arguing[1] the trial court erroneously suppressed evidence that the victim admitted to Johnson on a prior occasion to having been incarcerated for violent behavior.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the evidence was hearsay: *State v. Black*, 400 S.C. 10, 28, 732 S.E.2d 880, 890 (2012) (holding an unchallenged ruling, right or wrong, becomes the law of the case).

2.      As to whether the evidence was admissible as a hearsay exception to show Johnson's state of mind: Rule 803(3), SCRE (allowing as an exception to the hearsay rule "[a] statement of the *declarant's* then existing state of mind . . .") (emphasis added); *State v. Stahlnecker*, 386 S.C. 609, 617, 690 S.E.2d 565, 570 (2010) ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court.").

3.      As to whether the evidence was relevant to Johnson's theory that he was acting in self-defense: *State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000) (stating that when a defendant in a murder trial pleads self-defense, evidence of other specific instances of violence by the deceased are not admissible "unless they were directed against the defendant or, if directed against others, *were so closely connected at point of time or occasion* with the homicide as reasonably to indicate the state of mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm" (emphasis added)); *State v. Brown*, 321 S.C. 184, 187, 467 S.E.2d 922, 924 (1996) ("Whether a specific instance of conduct by the deceased is closely connected in point of time or occasion to the homicide so as to be admissible is in the [trial court's] discretion and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the accused.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Johnson's counsel filed a brief asserting there were no meritorious grounds for appeal and requested permission to withdraw from further representation.  This court denied the request and instructed the parties to file additional briefs.