**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Henry James Fickling, Jr., Appellant.

Appellate Case No. 2018-000515

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2020-UP-335
Submitted November 2, 2020 – Filed December 9, 2020

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:**  Henry James Fickling, Jr., appeals his conviction for murder, arguing the trial court erred in its charge on self-defense by refusing to instruct the jury that he had no duty to retreat because he was in his home when the victim, who rented a room in his home, attacked him.  We affirm.

## I.  FACTS

Fickling and his common law wife (Wife) lived in a three-bedroom trailer that Fickling was purchasing at a rate of $200 a month.[1]  Fickling rented out one of the bedrooms to Jeff Shiver (Victim), who paid $250 to $350 a month in rent.  Victim was often incapacitated by alcohol abuse and mostly stayed inside his room.  Victim also suffered from seizures.  Fickling purchased Victim alcohol and cigarettes, and in exchange, Victim gave Fickling money and the use of his car.  Fickling testified Victim also had him withdraw money out of his bank account, but Wife testified Fickling took Victim's money without Victim's authorization.  Before Victim's death, Fickling asked Wife to change their Wi-Fi password so that Victim could not check his bank account balance.

Fickling testified he was cleaning up his yard the day of the murder, using a cat's paw tool to pull nails out of a cabinet.  Fickling stated Victim asked to use the house phone, and Fickling went to Victim's room and gave Victim Wife's cellular phone.  Fickling explained Victim tried to use the phone to call his bank, but the phone stopped working.  Fickling further alleged Victim called him back into the bedroom; he took the phone from Victim; he told Victim he could not drink in the bedroom anymore; and he told Victim he had to move out due to Victim's drunken behavior.  Fickling claimed Victim then attacked him, and he responded by hitting Victim with the cat's paw in the back repeatedly, resulting in Victim's death.  Fickling admitted he left Victim's room, completed several tasks, and called the police several hours later.

The responding officers found Victim partially on his bed.  Fickling told the officers Victim had a history of seizures and may have fallen to his death, but once the coroner's unit turned Victim over, they found Victim's injuries inconsistent with a fall.  Victim had significant injuries to his head, neck, chest, and back, including fractures to his nasal bridge and the bone around his eye, a fractured larynx, a fractured hyoid bone, and fractured ribs.  Victim also had contusions on his arms and legs.  Victim's cause of death was blunt force trauma to his head and neck; at

---

[1] Fickling also "paid" rent by providing services, including maintenance on the trailer, to the owner.

the time of death, he had a .026 blood alcohol level, and he was positive for benzodiazepines, anticonvulsant sedatives.

A Charleston county grand jury indicted Fickling for murder, and his case proceeded to trial with Fickling arguing he acted in self-defense. Fickling requested a jury instruction that he did not have the duty to retreat because he was in his own home, and even if he was just an invited guest in Victim's room, he still had no duty to retreat because Victim did not ask him to leave. The trial court disagreed, stating it believed Fickling had a duty to retreat because this case was not a "stand your ground situation" that would modify the fourth element of self-defense.[2] The trial court charged the jury that for self-defense to be applicable "the defendant [must have had] no other probable way to avoid the danger of death or serious bodily injury than to act as the defendant did in the particular instance." Fickling objected to the jury charge and again requested a charge that he had no duty to retreat if he was on his own premises or was an invited guest in Victim's bedroom. The trial court denied Fickling's request. The jury found Fickling guilty of murder. This appeal followed.

## II. DUTY TO RETREAT JURY INSTRUCTION

Fickling argues the trial court erred in refusing to instruct the jury he did not have a duty to retreat. Fickling contends Victim's tenant status and the fact that the fight took place in Victim's room did not change this principle. Fickling further asserts the trial court's ruling that he had a duty to retreat because he was in Victim's room, not his own premises, "belongs to the sphere of real property and landlord-tenant law and is too fine a distinction for the law of self-defense." We disagree.

We find the trial court did not err by refusing to instruct the jury that Fickling, as the owner of the trailer, did not have a duty to retreat. Fickling was an invited guest in Victim's bedroom at the time of the incident. *See State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (affirming jury charge when viewing the charge as a whole, it accurately reflected the law of South Carolina at the time it was given). As renter of the bedroom, Victim was the "owner" of his bedroom for self-defense purposes, and he invited Fickling into the room when he called Fickling into the bedroom. Fickling, as an invited guest in Victim's bedroom, had a duty to retreat

---

[2] The elements of self-defense are: (1) the defendant was without fault in bringing on the difficulty; (2) the defendant actually believed he was in imminent danger of death or serious bodily injury, or he actually was in such danger; (3) a reasonable person would have also believed he was in such imminent danger; and (4) the defendant had no other probable means of avoiding the danger. *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011).

when he was allegedly attacked by Victim, the owner of the bedroom. *See State v. Brown*, 321 S.C. 184, 187–88, 467 S.E.2d 922, 924 (1996) ("Under the law of self-defense, one who is attacked on his own premises is immune from the duty to retreat. Likewise, a lawful guest attacked in the owner's home has no duty to retreat where the attacker is an intruder. . . . [However,] where the attacker is the homeowner, a lawful guest has a duty to retreat before a claim of self-defense will stand." (citations omitted)); *State v. Chambers*, 310 S.C. 43, 44, 425 S.E.2d 45, 46 (Ct. App. 1992) ("A lawful guest attacked in the home of another person has no duty to retreat where the attacker is an intruder. This principle, however, is inapplicable where the attacker is the homeowner." (citations omitted)); *see also Watts v. State*, 59 So. 270, 273 (Ala. 1912) (finding husband did not have a duty to retreat in his own home before killing his wife in self-defense when wife attacked him in his own room but noting the outcome may have been different if husband killed wife in the room that she had stayed in for ten days to separate herself from husband and that it may have then issued an order stating one had a duty to retreat to their quarters or at least out of the others quarters "rather than to stand there and kill, if such retreat might reasonably avoid the necessity of killing and offer safety to the one assailed"). Therefore, we find the trial court did not err in refusing to instruct the jury that Fickling did not have a duty to retreat, and we affirm.[3] *See Brown*, 321 S.C. at 187–88, 467 S.E.2d at 924 (finding the trial court did not err in refusing the defendant's, an invited guest at the victim's home, requested jury instruction that an invited "guest or invitee who is lawfully on the premises has no duty to retreat from the owner," because such an instruction is in "direct opposition" to the rule adopted by the court that a lawful guest does have a duty to retreat if the attacker is the homeowner).

**THOMAS, HILL, and HEWITT, concur.**

---

[3] We note there is law in South Carolina and other jurisdictions that where one cohabitant of a premises attacks another cohabitant, "each joint occupant, being equally entitled to possession, *need not retreat when attacked while in the building or premises by the other joint occupant*." *State v. Gordon*, 128 S.C. 422, 426, 122 S.E. 501, 502 (1924) (emphasis added); *see, e.g.*, *State v. Jones*, 416 S.C. 283, 295–99, 786 S.E.2d 132, 138–40 (2016); *State v. Harden*, 679 S.E.2d 628, 640 (W. Va. 2009); *Weiand v. State*, 732 So. 2d 1044, 1051 (Fla. 1999). *But see State v. Stephenson*, 85 S.C. 247, 252, 67 S.E. 239, 241 (1910) ("Assuming that a husband attacked in his house by his wife, who was there by right, should retreat, such duty would be annulled if the wife joined with a trespasser in making the assault."); *State v. Ordway*, 619 A.2d 819, 824 (R.I. 1992). This law is inapplicable to Fickling as he was not a cohabitant of Victim's bedroom but, rather, an invited guest.

**AFFIRMED.**[4]

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.