**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Robert Volstromer, Appellant.

Appellate Case No. 2021-000676

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-371
Submitted November 1, 2023 – Filed November 22, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Julianna E. Battenfield, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Mark Robert Volstromer appeals his conviction for murder and sentence of thirty years' imprisonment. On appeal, Volstromer argues the trial

court erred by excluding evidence of the victim's second-degree criminal sexual conduct (CSC) conviction, which Volstromer contends was relevant to his claims of self-defense and defense of others.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by excluding evidence of the victim's second-degree CSC conviction.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(a)(2), SCRE ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . . [e]vidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor.").  First, the victim's prior act of violence in the form of CSC was not directed against Volstromer.  Second, the prior act of violence was not "so closely connected at point of time or occasion with the homicide" to demonstrate the victim's state of mind or create in Volstromer a "reasonable apprehension of great bodily harm" because the conviction occurred twenty-six years before the homicide and there was no close connection between the victim's CSC conviction and the homicide. *See State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000) ("In the murder prosecution of one pleading self-defense against an attack by the deceased, evidence of other specific instances of violence on the part of the deceased are not admissible unless they were directed against the defendant or, if directed against others, were so closely connected at point of time or occasion with the homicide as reasonably to indicate the state of mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm."); *State v. Brown*, 321 S.C. 184, 187, 467 S.E.2d 922, 924 (1996) (holding the trial court did not abuse its discretion in refusing to admit the victim's twenty-three-year-old manslaughter conviction as evidence that the appellant had a reasonable apprehension of violence from the victim).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.