**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Andrew Whitaker, Jr., Appellant.

Appellate Case No. 2021-001126

———————

Appeal From Aiken County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-205
Submitted June 1, 2025 – Filed June 25, 2025

———————

**AFFIRMED**

———————

John W. Harte, of John W. Harte Attorney At Law, LLC, of Aiken, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

———————

**PER CURIAM:** Kenneth Andrew Whitaker, Jr. appeals his conviction for voluntary manslaughter and sentence of twenty-eight years' imprisonment. On appeal, he argues the trial court abused its discretion when it (1) did not admit

evidence of the victim's past violence against Whitaker and (2) refused to charge a self-defense or accident instruction to the jury.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not abuse its discretion when it excluded an incident report, criminal record, and body-worn camera footage because Whitaker had not laid a proper foundation establishing the relevance of the evidence of the prior conviction.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Turner*, 29 S.C. 34, 42-43, 6 S.E. 891, 893 (1888) (stating in a self-defense case, evidence of prior difficulties with the victim "is competent where it is relevant either because of *prior evidence* received in the case, or where the [defendant] has *laid the proper foundation* for its reception by proof of facts making it relevant, and where it reasonably appears that the [defendant] knew, or may be supposed to have known, such character or conduct" (emphasis added)); *id.* at 43, 6 S.E. at 893 (finding "there was enough in the facts as stated to render competent, . . . testimony as to the [victim's] character for violence, as bearing upon the act and motive of the" defendant when evidence was presented that the defendant and the victim had fought that morning, and the victim had an axe); *cf. State v. Day*, 341 S.C. 410, 420-21, 535 S.E.2d 431, 436-37 (2000) (stating testimony about an unrelated incident when the victim held a shotgun to another person's head because he believed the person was not letting him in on a drug trafficking scheme was "relevant to [the defendant's] theory of self-defense because [the defendant] claimed he thought [the victim] may pull a gun on him if [the victim] thought [the defendant] had deceived him . . . .").

2.  We hold the trial court did not err when it refused to provide a self-defense instruction to the jury because, viewing the evidence in the light most favorable to Whitaker, there was no evidence in the record from which it could be reasonably inferred that Whitaker acted in self-defense.[1]  Specifically, Whitaker failed to present evidence supporting he was in actual imminent danger of death or

---

[1] To the extent Whitaker argues the trial court erred when it did not provide an accident instruction to the jury, we hold this argument was abandoned because Whitaker raised it in his statement of issues on appeal but did not argue it in the body of his appellate brief.  *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

sustaining serious bodily injury or that he reasonably believed he was in danger of death or sustaining serious bodily injury. *See State v. Light*, 378 S.C. 641, 650, 664 S.E.2d 465, 469 (2008) ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial [court's] refusal to do so is reversible error."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608-09 (Ct. App. 2012) ("When reviewing the circuit court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *Day*, 341 S.C. at 416, 535 S.E.2d at 434 (explaining "[t]o establish self[-]defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger"); *State v. Brown*, 321 S.C. 184, 187, 467 S.E.2d 922, 924 (1996) ("Under the law of self-defense, one who is attacked on his own premises is immune from the duty to retreat.").

**AFFIRMED.**[2]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.